STATE OF OREGON,
*Respondent,*

*v.*

ROYAL T. REIMERS,
*Appellant.*

(B68-253; CA A62647)

793 P2d 1382

Henry M. Silberblatt, Salem, argued the cause for

appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals an order revoking his probation and imposing a one-year sentence. He contends that the court lacked authority to impose the sentence. We reverse and remand.

Defendant pleaded guilty to theft in the second degree, ORS 164.045, and was placed on five years probation. The order of probation did not provide that either imposition or execution of sentence was suspended.[1] At a subsequent hearing on an order to show cause why probation should not be revoked, defendant admitted that he had violated various conditions of probation. The court revoked his probation and sentenced him to one year in jail.

■■ Defendant contends that the court lacked authority to revoke probation and impose the sentence, because the order of probation did not suspend imposition or execution of sentence.[2] The state concedes that the order is void, and we

---

[1] The order states, in pertinent part:

"IT IS HEREBY ORDERED that upon the defendant's conviction herein of the crime of THEFT IN THE SECOND DEGREE, defendant is placed on probation to the Oregon State Board of Corrections for a period of 5 years subject to the following conditions."

The conditions of probation include that defendant serve 60 days incarceration and pay a $200 fine and $250 as restitution and costs.

[2] Under *former* ORS 138.050, we could not review defendant's contention, because he pleaded guilty and does not challenge the length of the sentence or complain that it is cruel and unusual. *State v. Blaney,* 101 Or App 273, 790 P2d 549 (1990); *State v. Bateman,* 95 Or App 456, 771 P2d 314, *rev den* 308 Or 197 (1989). However, ORS 138.053, which became effective on July 27, 1989, provides, in pertinent part:

"(1) This section establishes the judgments and orders that are subject to the appeal provisions and to the limitations on review under ORS 138.040 and 138.050. A judgment or order of a court, if the order is imposed after judgment, is subject to ORS 138.040 and 138.050 if this disposition includes any of the following:

"* * * * *

"(f) Imposes or executes a sentence upon revocation of probation or sentence suspension.

"* * * * *

"(3) Notwithstanding ORS 138.040 and 138.050, upon an appeal from a judgment or order described in paragraph (f) of subsection (1) of this section, the appellate court may review the order that revoked the defendant's probation or sentence suspension."

The order revoking probation and sentencing defendant, which was issued on October 16, 1989, is therefore reviewable.

agree. The authority to order probation is conditioned on the suspension of imposition or execution of a sentence, *State v. Vasby,* 101 Or App 1, 5, 788 P2d 1024 (1990), and failure to meet that condition renders the original probation order void. *State v. Emmich,* 34 Or App 945, 580 P2d 570 (1978).

■ ■ The state contends that invalidity of the order of probation merely invalidates the trial court's attempt to revoke probation but does not affect the court's imposition of the sentence. A sentencing order may be enforced if it is valid in part and void in part, if the state establishes that the void portion may be severed and the valid portion enforced without prejudice to the defendant. *Cassell v. Cupp,* 296 Or 488, 492, 677 P2d 693 (1984). Here, the court imposed the sentence as a result of its assumed authority to enforce the order of probation. ORS 137.550(4). Because that order is void, the court lacked authority to impose the sentence.

The state suggests, in the alternative, that we remand for resentencing. Because the order of probation is void in its entirety, and no disposition has been lawfully made, the trial court has jurisdiction to sentence defendant. If the court imposes a sentence of incarceration, defendant is entitled to credit for any time that he was incarcerated as a condition of probation.

Reversed and remanded for resentencing.