Argued and submitted January 13, affirmed October 13, 2010

WILLIAM EARL SIMPSON,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A137750

241 P3d 347

Robert M. Stone argued the cause and filed the brief for petitioner.

Judy C. Lucas, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Sercombe, Presiding Judge, and Wollheim, Judge, and Riggs, Senior Judge.

SERCOMBE, P. J.

## SERCOMBE, P. J.

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision (board) imposing special sex offender conditions of post-prison supervision following petitioner's term of incarceration for drug-related offenses. He argues that there was not substantial evidence in the record to support the board's conclusion that the special conditions were necessary for protection of the public or his reformation. Because the record and the board's findings provide sufficient support for the board's order, we affirm.

■■ We review the board's order using the standard set out in ORS 183.482(8)(c):

"The court shall set aside or remand the order if the court finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

That standard requires that the board's findings of fact be supported by substantial evidence and that its conclusions be supported by substantial reason, *i.e.*, its conclusions must reasonably follow from the facts found. *Martin v. Board of Parole*, 327 Or 147, 157, 957 P2d 1210 (1998); *see also City of Roseburg v. Roseburg City Firefighters*, 292 Or 266, 271-72, 639 P2d 90 (1981).

"Whether or not the board arrived at a conclusion which was clearly wrong depends upon whether a review of the entire record discloses any facts from which the conclusion drawn by the board could be reached by reasonable minds. There must be evidence that is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Bay v. State Board of Education*, 233 Or 601, 605-06, 378 P2d 558 (1963) (citations omitted).

The relevant facts are undisputed. Petitioner was convicted of drug-related crimes in February 2004 and May 2006. After serving terms of incarceration for those crimes, petitioner was released on June 16, 2007, with 24 months of post-prison supervision remaining on his sentence. In determining appropriate conditions of post-prison supervision, the

board considered petitioner's criminal history in addition to his current crimes of conviction. The record before the board established that petitioner had a 1985 California conviction of two counts of the crime of lewd act with a child. The conduct underlying the conviction had occurred between 1979 and 1982, when petitioner was 18 to 21 years old. The victim, petitioner's step-sister, was 10 to 13 years old during that time period. Petitioner had been charged with rape and child molestation arising out of the same conduct, although the charges ultimately resulted in a conviction of lewd act with a child. Relying on the record, the board, in its May 2007 supervision order, imposed the following special conditions of supervision to be implemented at the discretion of petitioner's parole officer:

"3. Offender shall have no contact with minor females * * * at a place where persons under 18 years of age regularly congregate * * * without the prior written approval of the board or supervising officer, * * * [and shall also not be present] on property adjacent to[ ] a school, a child care center, playground or other place intended for use primarily by persons under 18 years of age. PER PO

"4. Offender shall have no contact with minor males * * * at a place where persons under 18 years of age regularly congregate * * * without the prior written approval of the board or supervising officer, [and shall also not be present] on property adjacent to[ ] a school, a child care center, playground or other place intended for use primarily by persons under 18 years of age. PER PO

"5. Offender shall submit to random polygraph tests as part of a sex offender surveillance program. * * * PER PO

"6. Offender shall enter and complete or be successfully discharged from a recognized and approved sex offender treatment program * * *. PER PO."

In his request for administrative review, petitioner challenged the imposition of the special sex offender conditions on the ground that he was not under supervision for a sex crime and thus there was not substantial evidence in the record to establish that the conditions were necessary. The

board, in its administrative review decision, explained that the conditions were warranted given his prior criminal history, which included a sex offense:

> "Pursuant to ORS 144.102(3)(a), the board may establish special conditions that it determines are necessary because of the individual circumstances of the person on post-prison supervision. As you note in your requests, on June 18, 1985, you were convicted in California of two counts of [a] lewd act with a child. The record shows that you are required to register as a sex offender. The circumstances of your sex crime convictions constitute the individual circumstance that led the board to determine that it was necessary to impose these special conditions. The board determined, based on your history, that there was a likelihood that you could pose a danger to society if you were released without sex offender treatment, as well as a probability that you would benefit from such treatment. It is not necessary that you be on [post-prison supervision] for a sex offense in order for the board to impose special conditions that address this behavior. However, the board notes that it imposed [the special conditions] to be implemented at the discretion of your supervising officer."

■ On judicial review, petitioner renews his argument that the record does not provide substantial evidence to justify the special conditions. Specifically, petitioner argues that the prior sex crime conviction—predating the board's order in the present case by 22 years[1]—is too temporally attenuated from the present circumstances to provide sufficient evidence to permit a reasonable person to make the findings that petitioner "could pose a danger to society if [he] were released without sex offender treatment" and that petitioner "would benefit from such treatment."[2] Petitioner also emphasizes that he received sex offender treatment at the time of his

---

[1] The 22-year time period is measured from the date of the prior conviction (1985) to the date of the board's order (2007).

[2] Because petitioner's post-prison supervision has been terminated since he lodged this petition for review, at least some of his claims appear to be moot. However, petitioner asserted at oral argument, and the board did not dispute, that Jackson County is still seeking reimbursement from petitioner for the costs of treatment and polygraph tests. Thus, although petitioner's challenge to the special condition restricting contact with minors is moot, his challenge to the other special conditions is not moot. *See Weems/Roberts v. Board of Parole*, 347 Or 586, 594 n 7, 227 P3d 671 (2010).

prior conviction and that there is no evidence of sexual misconduct in the intervening 22 years.[3] The board contends that petitioner's criminal history adequately supports the board's decision to impose the conditions. We agree with the board.

ORS 144.102(3)(a) is the source of the board's authority to order special conditions of post-prison supervision. It provides:

> "The board or supervisory authority may establish special conditions as the board or supervisory authority determines necessary because of the individual circumstances of the person on post-prison supervision."

The statute has been interpreted to mean that the board may impose special conditions as necessary to promote public safety and reform the offender. *Weems/Roberts v. Board of Parole*, 347 Or 586, 598-99, 227 P3d 671 (2010); *Martin*, 327 Or at 159. *See* ORS 144.096(3)(d) and (3)(f) (requiring Department of Corrections to prepare a release plan before an inmate's release from prison that includes conditions necessary "to promote public safety" and "to assist the reformation of the inmate"). The offender's personal history and background are individual circumstances that may be considered in addition to the current crimes of conviction. *Weems/Roberts*, 347 Or at 595.

*Weems/Roberts* involved challenges to special conditions of post-prison supervision that are nearly identical to the challenged conditions in the present case. *Id.* at 590-91. Weems was convicted of multiple drug crimes for which he served a term of imprisonment; on his release, the board imposed special sex offender conditions of post-prison supervision. *Id.* at 589. The board based its order on Weems's criminal history, which included previous charges for sodomy and sexual abuse—charges that were made 13 and 11 years (respectively) before the board's imposition of the special conditions—although the sodomy charges had been dismissed, and the sexual abuse charges had been dismissed in

---

[3] There is no formal documentation in the record that petitioner received sex offender treatment for his prior conviction. Petitioner cites only his own previous assertions regarding treatment. However, the board does not contradict that assertion, and we accept it as true for purposes of our analysis.

exchange for a guilty plea to the lesser crime of menacing. *Id.* at 589-90. Weems also had prior convictions for nonsexual offenses. *Id.* at 590. In addition to Weems's criminal history, the board had before it a sex offender risk assessment, prepared by the Department of Corrections based on information related to the past charges, which included a recommendation to impose special conditions. *Id.*

Roberts, after serving a sentence for assault and weapons offenses, was similarly released on post-prison supervision subject to special sex offender conditions. *Id.* at 593. His criminal history included previous charges—occurring variously between 10 and 11 years before the board's imposition of special conditions in that case—for rape, sexual abuse, and sodomy, which ultimately resulted in a conviction of sexual misconduct. *Id.* Roberts also had prior arrests for nonsexual offenses. *Id.*

Both Weems and Roberts challenged the special conditions on the grounds that (1) the board lacked authority to impose special sex offender conditions on an offender whose current crime of conviction is not a sex offense, and (2) regardless of the board's authority, the record in each case did not support the board's decision to impose the special conditions. *Id.* at 591-92, 594. After the Court of Appeals affirmed the board's order in each case, the cases were consolidated by the Supreme Court on review.

■ The Supreme Court concluded that the board had authority to impose special sex offender conditions on an offender whose current crime of conviction is not a sex offense; indeed, the court held that the statutory scheme contemplates that special conditions may be imposed on the basis of a broad-ranging inquiry into the "individual circumstances and nature of the offender, and not just the offender's current crime or crimes of conviction." *Id.* at 597 (citing ORS 144.098(1)). The court went on to explain that a determination of what conditions are "necessary," as that term is used in ORS 144.102(3)(a), is made by reference to ORS 144.096(3)(d) and (f). *Weems/Roberts*, 347 Or at 598. Those provisions, in turn, suggest that the board may impose conditions that are necessary " 'to promote public safety' and 'to assist the reformation of the inmate.' " *Id.* at 598 (quoting

ORS 144.096(3)(d), (f); citing *Martin*, 327 Or at 159) (emphasis omitted). In determining what is necessary to protect the public and reform the offender, the board is not limited to "recent, significant conduct," and may consider even dated information related to an offender's criminal history. *Weems / Roberts*, 347 Or at 599.

The Supreme Court then determined that the petitioners' second ground for challenging the conditions was in fact a substantial evidence argument:

> "[T]he board implicitly found in each case that petitioners' history of past charges of sexual offenses, and any convictions resulting from those charges, was reason to believe that each petitioner was at risk of committing sexual offenses in the future.
>
> "Petitioners' arguments take aim at that finding by urging, in essence, that the board could not reasonably so conclude based on the records before it. * * * [P]etitioners suggest that, because the events occurred several years ago and petitioners have not been charged since with additional sexual offenses, their past criminal charges fail to reveal a history or pattern of conduct that would suggest an ongoing risk of future sexual offenses. Correctly framed, then, each petitioner's challenge is that the board's order is not supported by substantial evidence."

*Id.* at 600-01 (citations omitted). As applied to Roberts, the court went on to hold that, based on his criminal history, a reasonable person could have found that he was at risk of committing sexual offenses in the future. *Id.* at 602. Similarly, although Weems's case was "closer" given that he had no prior conviction for a sex offense, the court held that a reasonable person could conclude that the special conditions were necessary to promote public safety and assist in his reformation. *Id.* at 603-05.

In the present case, as in *Weems / Roberts*, the marrow of petitioner's argument, properly framed, is that the board's determination that the special conditions were necessary was not supported by substantial evidence because the sole evidence relied upon by the board—the 1985 conviction—was too remote to support an inference that petitioner was at risk of committing sexual offenses in the future.

We agree that the age of the conviction here—roughly double the age of the prior conduct relied on in *Weems/Roberts*—weakens the inference that a sex offense is likely to reoccur. The predictive value of behavior evidence—and thus the reasonableness of giving weight to that evidence—diminishes over time if it is not reinforced by evidence of more recent conduct or a pattern of behavior suggesting some likelihood of similar conduct in the future.[4]

However, petitioner committed sexual offenses in the past; he is required to register as a sex offender. He was an adult when the crimes were committed and the victim was a child. Moreover, the sexual misconduct was repeated over a four-year period, and petitioner was charged with (although not convicted of) rape and child molestation for that conduct. Based on that history, a reasonable person could find that there is a risk that petitioner will commit sexual offenses in the future.

"The fact that a reasonable person could also draw a contrary inference, or that reasonable persons might differ in their assessment of the strength of the inference or the degree of the risk, does not mean that the board's implicit finding in that regard is not supported by substantial evidence."

*Weems/Roberts*, 347 Or at 602-03. The greater remoteness of petitioner's criminal history, relative to the criminal history relied on in *Weems/Roberts*, does not furnish a sufficient factual distinction for us to reach a different conclusion. Thus, given the record before the board, it reasonably could conclude that special sex offender conditions were necessary in petitioner's case to promote public safety and assist in his reformation.[5]

---

[4] *See, e.g., United States v. T. M.*, 330 F3d 1235, 1240 (9th Cir 2003) (district court abused its discretion in imposing sex offender conditions of probation where they had no reasonable relationship to the goals of deterrence, protection of the public, or rehabilitation of the offender because the conditions were predicated upon 20- and 40-year old incidents and there was no evidence of intervening misconduct); *United States v. Scott*, 270 F3d 632, 636 (8th Cir 2001) (district court abused its discretion in imposing special conditions of supervised release based on a 15-year-old sex offense conviction where there was no evidence of repeated behavior or propensity to commit future sex crimes).

[5] Our conclusion is buttressed by the legislative judgment, reflected in ORS 144.103(2), that some sex crimes against children under age 12 warrant lifetime

In sum, petitioner's prior conviction for two counts of a sex offense, although 22 years old, and the circumstances and charges that led to that conviction provide substantial evidence to support the board's conclusion that special conditions were necessary for protection of the public and petitioner's reformation. Therefore, the board did not err in imposing the special conditions in its order for post-prison supervision.

Affirmed.

---

supervision conditions. Although petitioner's crime would not qualify for imposition of those lifetime conditions under that provision, part of his prior sex offense was committed while the victim was under age 12. In light of the legislative determination that there is an ongoing need for supervision in the case of similar crimes, it is difficult to say that a reasonable person could not infer risk to the public from petitioner's individual circumstances.