Submitted on appellant's petition for reconsideration filed January 5
(appeal dismissed on court's own motion December 29, 2010),
reconsideration allowed, former disposition withdrawn;
affirmed June 15, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KARI MICHELLE DONAHUE,
*Defendant-Appellant.*

Multnomah County Circuit Court
080850403; A141707

259 P3d 981

Peter Gartlan, Chief Defender, and Zachary Lovett
Mazer, Deputy Public Defender, Office of Public Defense
Services, for petition.

Before Schuman, Presiding Judge, and Wollheim, Judge,
and Nakamoto, Judge.

NAKAMOTO, J.

.

## NAKAMOTO, J.

Defendant pleaded no contest to and was convicted of one count of prostitution, a Class A misdemeanor, and appealed the imposition of a special probation condition. Defendant now petitions for reconsideration of our order dismissing her appeal as moot in December 2010. We originally dismissed the appeal because her probation should have expired in August 2010; due to a probation violation, however, defendant's probation was extended to December 31, 2011. Thus, defendant remains on probation and her appeal is not moot. We therefore reconsider and withdraw the order of dismissal, allow her petition, and address the merits of her appeal. Defendant assigns error to the trial court's judgment, which imposed a special condition of her probation that defendant may not enter a specified "high vice" area in Portland. For the reasons stated below, we affirm.

Defendant was arrested for prostitution on 82nd Avenue in Portland, which the prosecutor described at sentencing as an "area where prostitution is a frequent occurrence and where * * * a large portion of arrests for prostitution activity occur." Defendant did not contest, and the trial court found, that defendant's crime of prostitution occurred on 82nd Avenue, a "high vice" area. After pleading no contest to one count of prostitution, ORS 167.007, defendant was sentenced to 18 months of probation. The trial court imposed a special probation condition, ORS 137.540(2), prohibiting defendant from entering certain portions of 82nd Avenue and Sandy Boulevard that were described and delineated on a map as a "high vice" area, unless she is "in a car or on public transportation passing through the area."

Defendant asserts first that the probation condition to exclude her from the specified "high vice" area is not reasonably related to the crime of conviction; second, that it is more restrictive than necessary to achieve the goals of probation; and third, that it improperly infringes on her constitutional right to freedom of association. We review whether the trial court exceeded its authority to impose a special probation condition for errors of law. *State v. Phillips*, 206 Or App 90, 97, 135 P3d 461 (2006).

Preliminarily, we do not reach the merits of defendant's first argument. Defendant failed to preserve her argument that the probation condition was not reasonably related to her conviction for prostitution, and, if any error occurred, it is not apparent on the face of the record. ORAP 5.45(1) (we may consider an unpreserved error only if it is "an error of law apparent on the record"); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-83, 823 P2d 956 (1991) (discussing court's exercise of discretion to reach plain error); *State v. Brown*, 310 Or 347, 355-56, 800 P2d 259 (1990) (factors to establish plain error).

The state contends that we cannot review defendant's remaining arguments that her probation condition is overbroad and needlessly infringes on her right to freedom of association because defendant pleaded no contest to the crime, and therefore her challenge to the probation condition is limited to whether it exceeds the maximum allowable by law or is unconstitutionally cruel and unusual pursuant to ORS 138.050(3). We do not agree and conclude that the issues defendant raises are reviewable pursuant to ORS 138.053(3).

We are presented with a question of statutory interpretation, and we analyze ORS 138.050 in context with ORS 138.053 to ascertain the legislature's intent under the methodology described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), as modified by *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). In relevant part, ORS 138.050, which addresses appeals from a sentence after a plea of guilty or no contest, provides:

"(1) * * * [A] defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

"(a) Exceeds the maximum allowable by law; or

"(b) Is unconstitutionally cruel and unusual.

"* * * * *

"(3) On appeal under subsection (1) of this section, the appellate court shall consider only whether the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual."

The state's argument that ORS 138.050(3) precludes consideration of the issues that defendant raises on appeal necessarily rests on two premises: defendant's appeal is "from a judgment or order described in ORS 138.053," ORS 138.050(1), and defendant has brought an appeal under ORS 138.050 that is limited to whether the probation condition exceeds the maximum allowable by law or is unconstitutionally cruel and unusual. ORS 138.050(3).

To examine the first premise of the state's argument, we turn to ORS 138.053, which describes appealable judgments and orders in criminal cases. In relevant part, ORS 138.053 provides:

"(1)   A judgment * * * is subject to the appeal provisions and limitations on review under ORS 138.040 and 138.050 if the disposition includes any of the following:

"(a)   Imposition of a sentence on conviction.

"(b)   Suspension of imposition or execution of any part of a sentence.

"(c)   Extension of a period of probation.

"*(d)   Imposition* or modification *of a condition of probation* or of sentence suspension.

"(e)   Imposition or execution of a sentence upon revocation of probation or sentence suspension.

"* * * * *

"*(3)   Notwithstanding ORS 138.040 and 138.050, upon an appeal from a judgment or order described in subsection (1)(c) to (e) of this section, the appellate court may review the order that* extended the period of the defendant's probation, *imposed or modified a condition of the defendant's probation* or sentence suspension or revoked the defendant's probation or sentence suspension *if the defendant shows a colorable claim of error in the proceeding from which the appeal is taken.*"[1]

(Emphasis added.) In this case, defendant's judgment imposes a condition of probation under ORS 138.053(1)(d).

---

[1] The legislature amended ORS 138.053 in 2001 and 2003, Or Laws 2003, ch 737, § 101; Or Laws 2001, ch 644, § 2, and our previous interpretations of the statute have concerned prior versions of it.

Accordingly, we agree with the state that defendant's appeal is "from a judgment or order described in ORS 138.053." *See* ORS 138.050(1).

The state's argument then falters, though. Subsection (3) of ORS 138.053 indicates that the legislature created three exceptions to the limitations placed on the reviewability of appeals after a no contest or guilty plea within ORS 138.050. *See also State v. Anderson*, 197 Or App 193, 196, 104 P3d 1175 (2005) (noting that ORS 138.050 contains exceptions to its limits on appeals). Defendant's appeal of a judgment imposing a special condition of probation falls under an exception, ORS 138.053(1)(d), specified in ORS 138.053(3):

"Notwithstanding ORS 138.040 and 138.050, upon an appeal from a judgment or order described in subsection (1)(c) to (e) * * * the appellate court may review the order that * * * imposed * * * a condition of the defendant's probation * * * if the defendant shows a colorable claim of error in the proceeding from which the appeal is taken."

Therefore, even though defendant pleaded no contest, because her appeal challenges the imposition of a condition of probation, and she has demonstrated a colorable claim of error in the sentencing proceeding, her challenge is reviewable on appeal under ORS 138.053(3). We reached a similar conclusion in *State v. Reimers*, 102 Or App 192, 194 n 2, 793 P2d 1382 (1990), where we construed ORS 138.053(3) (1989). That version of ORS 138.053(3) then provided: "Notwithstanding ORS 138.040 and 138.050, * * * the appellate court may review the order that revoked the defendant's probation or sentence suspension." We noted that before the enactment of ORS 138.053 in 1989, the defendant's appeal of an order revoking his probation and imposing a one-year sentence would not have been reviewable under ORS 138.050 because he was not challenging the length of his sentence or asserting that it constituted cruel and unusual punishment. *Reimers*, 102 Or App at 194 n 2. We thus reach the merits of defendant's remaining arguments that the probation condition was overbroad and infringed on her federal constitutional right to freedom of association.

Under ORS 137.540, a trial court may impose "any special conditions of probation that are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both." ORS 137.540(2)(a); *accord State v. Martin*, 282 Or 583, 588, 580 P2d 536 (1978) (probation condition must be related to the offense or promote public safety or the rehabilitation of the defendant). Although a trial court has wide discretion in matters of probation, *Martin*, 282 Or at 589 n 7, a probation condition that is more restrictive than necessary to achieve the goals of probation is invalid. *State v. Hitesman / Page*, 113 Or App 356, 362, 833 P2d 306, *rev den*, 314 Or 574 (1992). And, when fundamental rights are involved, "the sentencing court has less discretion to impose conditions in conflict therewith." *Martin*, 282 Or at 589.

Defendant acknowledges that her probation condition is aimed at preventing her from engaging in prostitution or solicitation activity in the "high vice" area, but argues that the condition "goes far beyond preventing that behavior." She notes there is no indication in the record that she has a prior history of engaging in criminal activity in the "high vice" area, and yet she is banned from legitimate activities within the area, such as shopping or visiting friends. Because the condition "implicates defendant's constitutionally protected freedom of association," she argues that the condition must be strictly limited to what is necessary to make the probation effective. She posits that the exclusion could have been limited to banning her presence after dark or to a ban on loitering on sidewalks in the "high vice" area.

We first conclude that the probation condition is reasonably related to the protection of the public or her reformation, or both, as defendant herself appears to acknowledge at least to some degree. Because defendant committed the crime in the "high vice" area, the trial court could properly conclude that prohibiting defendant from the "high vice" area except as needed to travel through it would prevent her from reengaging in the offending conduct and at the same time protect the public from further acts of prostitution or solicitation in the same area.

We also reject defendant's argument that the probation condition was impermissibly overbroad in light of defendant's invocation of her fundamental right to freedom of association. Even if defendant is correct that the probation condition could have been more narrowly tailored, that fact alone does not establish that the condition is overbroad or unconstitutionally infringed her freedom of association. In *State v. Kline*, 155 Or App 96, 100, 963 P2d 697 (1998), despite the defendant's argument that his fundamental right to procreate was implicated, we rejected his argument that the trial court was required to perform a less-restrictive-means analysis when it imposed a special condition of probation that he not father any child without prior written approval of the court following his successful completion of drug treatment and anger management programs. We approved the special condition given that the defendant had fathered two children whom he had physically abused, the condition was not a total ban on his reproductive rights, and the condition provided protection to potential victims. *Id.* at 100.

In this case, the trial court took into account the nature of the crime and considered the appropriateness of the condition, including modifying the condition to ensure that defendant could travel within the "high vice" area. Defendant is not prohibited from associating with friends; she just may not visit with them in the "high vice" area. And although defendant may not frequent stores in the "high vice" area during her probation, she makes no argument that she suffers any particular harm as a result of having to shop elsewhere. We note that by statute, a probation condition can include much greater intrusions upon a defendant's freedom of association than those imposed on defendant in this case, including having to spend time in jail and being restricted to the probationer's residence. ORS 137.540(2)(a). The trial court chose a less restrictive alternative to achieve the aims of probation. We conclude that the special probation condition interferes with defendant's right of association to a permissible degree in light of its reasonable relationship to the purposes of probation. *State v. Sprague*, 52 Or App 1063, 1067, 629 P2d 1326, *rev den*, 291 Or 514 (1981).

Reconsideration allowed, former disposition withdrawn; affirmed.