Submitted July 11, 2011, remanded for resentencing; otherwise affirmed
May 16, 2012

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**TIMOTHY BRIAN GASKILL,**
*Defendant-Appellant.*

Lane County Circuit Court
211000399; A145097

279 P3d 275

Erin Galli filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

SERCOMBE, J.

## SERCOMBE, J.

Defendant pleaded guilty to and was convicted of third-degree sexual abuse, ORS 163.415. The trial court sentenced him to 36 months of supervised probation, subject to several general and special conditions. Defendant now appeals, contending that the trial court erred in imposing special conditions of probation that prohibited him from having contact with minors or frequenting places where minors congregate. Defendant argues that those conditions are not reasonably related to his current offense or past offenses and that the trial court failed to otherwise create a sufficient factual record to justify the conditions. We agree with defendant and, accordingly, remand for resentencing.

We review the trial court's imposition of probation conditions for errors of law. *State v. Phillips*, 206 Or App 90, 97, 135 P3d 461, *rev den*, 341 Or 548 (2006). Defendant was charged with third-degree sexual abuse for unlawfully and knowingly subjecting a 38-year-old woman to sexual contact without her consent. As noted, defendant pleaded guilty. At the sentencing hearing, the state presented the following facts:

"[Defendant] contacted this young woman * * * in the dollar store. She was trying on some reading glasses, he approached her, he complimented her on the glasses.

"She eventually left the store. She had a lot of purchases and an umbrella. She had planned to take the bus back to her apartment that was about a mile away.

"[Defendant] saw her struggling with her purchases, and took that opportunity to offer her a ride back to her apartment.

"She said that * * * he had a nice car. He seemed nice, and so she allowed him to take her back to her apartment, and then when she was trying to put her purchases away he kept following her around the apartment.

"He was kissing her on the back of the head and neck, holding her very tightly in ways that made her very uncomfortable. She tried to hint to him that she didn't like what he was doing. Tried to * * * hint to him that he needed to leave.

"This went on for a substantial amount of time, three hours * * * was the estimate that he was in the apartment with her. She said she finally told him that she was going to walk him to his car, and she physically walked him back to the car."

The state also presented the court with defendant's criminal history, although that information was not made part of the record. As far as we can discern from the record, defendant's criminal history was composed of previous misdemeanors against women that were similar in nature to the current crime of conviction, as well as a prior "failure to register" offense. Although the details of defendant's prior convictions were not presented, the state asserted that defendant "takes advantage of situations where he can find these vulnerable women, and put them in positions that they clearly do not want to be in." No facts were presented that defendant had ever committed an offense involving minors. Indeed, the only evidence on that issue was defendant's own statement to the court that he had never had "a problem with minors."

The state requested that several special conditions of probation be imposed, including conditions that defendant have no contact with minors and that he not visit places where minors usually congregate. Defendant objected to those conditions, arguing that they had no rational relationship to his offense or his criminal history. The trial court ultimately imposed those and other conditions of probation. It explained, "[A]ll these charges involve vulnerable people. Minors are vulnerable people, perhaps more so, and * * * so this is a rational nexus of the request."

On appeal, defendant argues that the special conditions pertaining to minors were not reasonably related to his crime of conviction, the protection of the public, or his reformation. According to defendant, there was no evidence that he had committed crimes involving minors or crimes against vulnerable women, or that he was a threat to vulnerable people generally. The state responds that the record was sufficient and that the trial court acted within its discretion.

Under ORS 137.540(2), a trial court has broad discretion to impose special conditions of probation. *State v.*

*Johnston*, 176 Or App 418, 426 n 6, 31 P3d 1101 (2001). How-ever, the conditions must be "reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both." ORS 137.540(2); *State v. Mack*, 156 Or App 423, 427-28, 967 P2d 516 (1998). Moreover, the conditions cannot be more restric-tive than necessary to achieve the goals of probation. *State v. Donahue*, 243 Or App 520, 526, 259 P3d 981 (2011). A trial court must establish a factual record to support its imposition of special conditions. *Mack*, 156 Or App at 428. That record may be established either at trial or by evidence presented at the sentencing hearing. *Id.*

Here, there is no evidence that defendant has ever engaged in unlawful activity involving minors. His current offense involved a 38-year-old woman. His past offenses also involved adult women. Even assuming that some of defen-dant's victims were "vulnerable"—an offhand assertion that is not supported by any facts in the record—there is no evi-dence that defendant has a propensity to prey on vulnerable people generally. In other words, there is nothing to demon-strate that defendant poses a threat to minors. Nor does the record suggest that a prohibition on contacting minors (or being in their proximity) will aid in defendant's rehabilita-tion. *See State v. Donovan*, 307 Or 461, 466, 770 P2d 581 (1989) (rehabilitating an offender "encompasses requiring a convicted offender to abstain from types of conduct shown to have played a role in his past offenses or to take affirmative steps toward developing better patterns of behavior, but it does not give courts open-ended discretion to rearrange an offender's life").

In short, there is no connection between defendant's unlawful sexual conduct and his relationship to minors. The challenged special conditions of probation are not reasonably related to the protection of the public or reformation of defen-dant. Thus, those conditions are invalid. *See, e.g., State v. Qualey*, 138 Or App 74, 77-79, 906 P2d 835 (1995) (special condition of probation requiring the defendant to abstain from using intoxicants was "not reasonably necessary for effective probation or the protection of the public" where there was no evidence that the defendant was under the influence of intoxicants at the time he committed the crime or

that he had a past history of alcohol-related problems that would warrant a ban for rehabilitative purposes); *cf. State v. Crocker*, 96 Or App 111, 114-15, 771 P2d 1026 (1989) (special condition of probation prohibiting the defendant from being present in a private residence or vehicle in which there were minor children present was warranted where the defendant had raped his stepdaughter, who was a minor, and had a long history of sexual abuse that may have involved other children).[1]

Remanded for resentencing; otherwise affirmed.

---

[1] We note that *Weems/Roberts v. Board of Parole*, 347 Or 586, 227 P3d 671 (2010), and *Simpson v. Board of Parole*, 237 Or App 661, 241 P3d 347 (2010), are inapposite here. The former case established that the Board of Parole and Post-Prison Supervision can properly consider an offender's personal background and criminal history, including past charged offenses that did not result in an adjudication or conviction, in imposing special conditions of post-prison supervision. The latter case stands for the related proposition that even dated criminal history (a 22-year-old conviction) can be taken into account in imposing special conditions of post-prison supervision. In both cases, the court determined that the special conditions at issue—sex offender treatment and polygraph tests—were reasonable given the offenders' criminal histories, which included charges or convictions for sexual offenses. Those cases were decided under ORS 144.102(3)(a), now subsection (4)(a), which implicates similar standards to those set forth in ORS 137.540(2). Nonetheless, *Weems/Roberts* and *Simpson* are factually distinguishable because, in both cases, the petitioners had criminal histories that were directly related to the conditions imposed.