Submitted April 29, affirmed December 30, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA THOMAS GALLO,
*Defendant-Appellant.*

Jackson County Circuit Court
13CR01166; A154741

365 P3d 1154

Peter Gartlan, Chief Defender, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

In this criminal appeal, defendant challenges a condition of his probation that bars him from using email, social networking, or the internet without prior approval of his probation officer.[1] A special condition of probation is authorized under ORS 137.540(2) if it is "reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both." We review the sentencing court's imposition of the probation condition for legal error, *State v. Phillips*, 206 Or App 90, 97, 135 P3d 461, *rev den*, 341 Or 548 (2006), and affirm.

The victim was a 16-year-old autistic girl. Defendant, who was 32 years old, had used the internet to contact and befriend the victim through a social networking site by posing as a 15-year-old boy. He then arranged to meet the victim, took her to a park, and sexually abused her. Defendant was convicted of second-degree sexual abuse after a guilty plea.

At sentencing, the court imposed a group of conditions of probation termed the "Tech Sex Offender Package." Defendant challenges one of the conditions that barred the "use of email, social networking web sites, file sharing software, chatting software or any other web site without approval of [defendant's] supervising officer." The sentencing court rejected defendant's argument that that condition was too broad.

As defendant acknowledges, a sentencing court has "broad discretion" under ORS 137.540(2) to impose special conditions of probation. *State v. Johnston*, 176 Or App 418, 426 n 6, 31 P3d 1101 (2001); *State v. Gaskill*, 250 Or App 100, 102, 279 P3d 275 (2012). Probation conditions, though, must be supported by the record at trial or at the sentencing hearing, *State v. McCollister*, 210 Or App 1, 4, 150 P3d 7 (2006), and cannot be more restrictive than necessary to achieve the goals of probation, *State v. Donahue*, 243 Or App 520, 526, 259 P3d 981 (2011).

---

[1] Defendant also challenged a second condition of probation, but the trial court entered an order deleting that condition after defendant filed his brief. Accordingly, the challenge to that condition is moot.

Defendant argues that to impose a total ban on his internet usage was error because the ban severely restricts his freedom to participate in the modern world when, although he used the internet to facilitate the crime, his crime was sexually abusing the victim. In other words, defendant argues, his use of the internet was incidental to the actual commission of the crime. Defendant relies exclusively on federal cases involving defendants who obtained child pornography, for example, *United States v. Sofsky*, 287 F3d 122 (2d Cir 2002), to argue that his probation condition was excessively restrictive.

We do not view the cases on which defendant relies as persuasive for a number of reasons. First, those cases apply the requirements of a federal statute that is arguably more restrictive than the Oregon law applicable in this case. In *Sofsky*, for example, the defendant, who pleaded guilty to receiving child pornography, had used his home computer to receive images of child pornography and to exchange pornography with others on the internet. *Id.* at 124. The district court imposed a condition of the defendant's three-year supervised release that banned him from accessing "a computer, the Internet, or bulletin board systems at any time, unless approved by the probation officer." *Id.*

The Second Circuit explained that, under 18 USC section 3583(d), a district court "may order a special condition of supervised release that is 'reasonably related' to several of the statutory factors governing the selection of sentences, 'involves no greater deprivation of liberty than is reasonably necessary' for several statutory purposes of sentencing, and is consistent with" the federal sentencing commission's policy statements. *Sofsky*, 287 F3d at 126 (quoting 18 USC § 3583(d)). It held that, although the condition was "reasonably related to the purposes of his sentencing," the condition inflicted "a greater deprivation on [the defendant's] liberty than is reasonably necessary." *Id.* The court likened the restriction to a case in which the defendant incidentally uses a telephone to commit fraud, when an absolute bar on the use of telephones as a result of such use would not be justified. *Id.* Thus, the Second Circuit evaluated whether the condition that the district court imposed could have been more narrowly tailored.

In contrast, under Oregon law, although a "sentencing court has less discretion" to impose conditions in conflict with constitutional rights, *State v. Martin*, 282 Or 583, 589, 580 P2d 536 (1978); *accord Donahue*, 243 Or App at 526, even if a "probation condition could have been more narrowly tailored," that alone "does not establish that the condition is overbroad." *Id.* at 527. A sentencing court is not required to conduct a "less-restrictive-means analysis" before imposing a special condition of probation. *Id.*; *State v. Kline*, 155 Or App 96, 100, 963 P2d 967 (1998); *see State v. Sprague*, 52 Or App 1063, 1066-67, 629 P2d 1326, *rev den*, 291 Or 514 (1981).

Moreover, as defendant recognizes, not all of the federal circuit courts apply a less-restrictive-means test when it comes to restrictions on a defendant's use of the internet while on supervised release. Other federal courts have recognized that a condition of supervised release restricting internet usage may be imposed on a defendant who has used the internet to trade in child pornography and that such a condition does not improperly deprive the defendant of a liberty interest.

For instance, in *U. S. v. Rearden*, 349 F3d 608, 621 (9th Cir 2003), *cert den*, 543 US 822, 125 S Ct 32 (2004), the Ninth Circuit held that an internet restriction was reasonably related to the defendant's crime, using email to ship child pornography, and that the restriction did not plainly involve a deprivation of liberty greater than reasonably necessary, given that the probation office could approve internet access. Similarly, in *U. S. v. Miller*, 665 F3d 114, 116 (5th Cir 2011), *cert den*, ___ US ___, 132 S Ct 2773 (2012), the defendant pleaded guilty to transportation of child pornography. The district court imposed a condition of his 25-year period of supervised release that prohibited the defendant from using a computer or a phone with internet access without permission from the probation officer. *Id.* at 126. Noting that "district courts have broad discretion in establishing conditions for supervised release," *id.* at 132, and recognizing that the probation office had discretion to allow internet access to the extent that the prohibition would not serve the purposes of the defendant's release, *id.* at 133-34, the Fifth Circuit rejected the argument that a district court

may impose internet restrictions only "after investigating the efficacy of other options," *id.* at 133.

Additionally, the facts in this case do not involve the receipt or transmission of child pornography, the crimes at issue in the federal cases on which defendant relies. At least one federal circuit court has recognized that an internet ban for a defendant who uses the internet to initiate contact with minors so that the defendant can victimize them may be particularly appropriate to prevent recidivism. *See U. S. v. Love*, 593 F3d 1, 11-12 (DC Cir 2010) (affirming a lifetime internet ban). Although defendant contends that, in this case, the facts established that the internet use was incidental to his crime, we agree with the state's contrary view. The facts in this case supported the sentencing court's internet restrictions because the internet was an integral part of defendant's crime, given that he posed as a teenager and used the internet as a tool to initiate contact with and then lure his victim.

In *State v. Maack*, 270 Or App 400, 411, 348 P3d 265, *rev den*, 357 Or 743 (2015), we recently held that a similar probation condition banning the defendant "from all Internet use" was reasonably related to the probationary goals of rehabilitation and protection of the public. The defendant in that case had been convicted of three felony sex crimes involving a minor, *id.* at 401, and, while on probation, began using the internet to violate other conditions of his probation, such as viewing pornography and communicating with underage females on social networking sites, *id.* at 412. We held that, given the defendant's

> "history of using the Internet in conjunction with violating more limited probation conditions that had—with the goal of promoting defendant's rehabilitation—prohibited him from using pornography or contacting minors, the trial court did not err in concluding that the later-imposed condition prohibiting him from using the Internet altogether was reasonably related to the goals of rehabilitation and protecting the public."

*Id.* at 412-13. That is also the case here.

Not only does the record support the sentencing court's decision, but the probation condition restricts

defendant's behavior "to a permissible degree in light of its reasonable relationship to the purposes of probation." *Donahue*, 243 Or App at 527 (upholding a condition excluding the defendant from a specified "high vice" area, except for traveling through it, though it interfered with her right of association, because she had committed her prostitution offense in that "high vice" area and the condition was reasonably related to preventing her from reengaging in the offending conduct). As we did in *Maack*, we conclude that, based on the facts, the sentencing court permissibly determined that an internet ban was needed to serve the purposes of "reformation of the offender or protection of the public." *Sprague*, 52 Or App at 1067; *accord* ORS 137.540(2). The condition imposed on defendant is limited in its duration, three years, and in its coverage, because the sentencing court authorized internet usage with the permission of defendant's probation officer. Although we recognize that there are many legitimate and noncriminal uses of the internet, it is through the internet that defendant was able to pose as a teenager and thereby engage in communications and arrange a meeting with the teenage victim. Preventing defendant from using the internet while on probation prevents him from reoffending in that manner and at the same time protects the public. Furthermore, the internet ban is not absolute. If defendant can establish grounds, for example, that he has a legitimate need to use the internet and will do so in a manner consistent with his other conditions of probation, he may obtain permission for such internet use from his probation officer. The trial court acted within the bounds of its discretion in imposing the condition of probation and, accordingly, did not err.

Affirmed.