Submitted December 17, 2020, affirmed February 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DWAYNE ANDREW HENDERSON,
*Defendant-Appellant.*

Lincoln County Circuit Court
18CR63853; A170357

481 P3d 436

Defendant appeals from a judgment of conviction for one count of violating a court's stalking protective order, ORS 163.750. He argues that the trial court erred in imposing two unduly restrictive probation conditions—one requiring him to obtain permission before travelling to Wallowa County, where the victim's family lives, and another prohibiting him entirely from travelling to the state of Arizona, where the victim lives. The state responds that defendant failed to preserve his objection below and that the severity of the offense justifies the broad geographic restrictions. *Held*: Although the condition prohibiting travel to Arizona is troublingly broad, it is not appropriate to exercise discretion to correct it as plain error. Had defendant objected below, the record would be more fully developed as to the need for such a condition and the burden, if any, it imposes on defendant. Moreover, nothing in the record suggests any reason that defendant has or will have to go to Arizona such that the restriction will have any practical effect. Should the need to travel to Arizona arise, defendant can seek modification of his probation conditions via the trial court's ongoing jurisdiction under ORS 137.540(9)(a).

Affirmed.

Sheryl Bachart, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erin J. Snyder Severe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant was convicted of violating a stalking protective order as part of a long history of stalking a former high school classmate. Although he did not object below, defendant now challenges two conditions of his probation that require him to obtain permission before traveling to Wallowa County, where the victim's family lives, and prohibit him entirely from traveling to the state of Arizona, where the victim lives. The state argues that the severity of the offense—one that the trial court described as "the most chilling stalking case [it] ever heard—ever"—justifies these broad geographic restrictions. Specifically, the state points to defendant's long history of locating the victim despite her efforts to hide, his persistence over many years, and his continued refusal to abide by the stalking protective order. Although we agree that the condition prohibiting travel to Arizona is troublingly broad, we cannot conclude that it is appropriate to reverse it as plain error and we therefore affirm.

ORS 137.540(2) grants a trial court broad discretion in imposing special conditions of probation, but those conditions must be "reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both." *State v. Gaskill*, 250 Or App 100, 102-03, 279 P3d 275 (2012). Moreover, any condition cannot be more restrictive than necessary to achieve the goals of probation. *State v. Donahue*, 243 Or App 520, 526, 259 P3d 981 (2011). We review the imposition of probation conditions for errors of law. *State v. Borders*, 293 Or App 791, 793, 429 P3d 1067 (2018).

Because defendant did not object below, we must determine whether to review the unpreserved error. Generally, that inquiry involves two stages. First, we determine whether the error is plain; that is, whether it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Dilallo*, 367 Or 340, 344, 478 P3d 509 (2020) (quoting *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013)). Second, we must determine whether to exercise our discretion to correct the error.

*Id.* That determination is guided by several considerations, including "the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case." *State v. Decleve*, 299 Or App 528, 534, 450 P3d 999 (2019).

Defendant correctly observes that "we have consistently struck down broad geographic restrictions." *State v. Bell*, 276 Or App 21, 29, 366 P3d 756 (2016). In *Bell*, we struck a special condition that prevented a defendant from leaving Lincoln County without first obtaining permission. *Id.* at 31. The trial court imposed the condition to ensure that the defendant did not engage in unnecessary costly travel until she paid restitution from her gambling-related offenses. *Id.* at 24-25. We concluded that the restriction was not reasonably related to defendant's crimes because the record did not reveal a nexus between the geographic restriction and those crimes. *Id.* at 30-31. Nor was the restriction reasonably related to protecting the public, given that the record did not reflect why defendant's travel would prevent her from making restitution payments. *Id.* at 30. We have repeatedly reached similar conclusions in other cases. *See State v. Jacobs*, 71 Or App 560, 564, 692 P2d 1387 (1984) (striking a prohibition that prevented the defendant—who had committed criminal misbehavior against his immediate neighbors—from residing in the entire city of Troutdale); *State v. Ferre*, 84 Or App 459, 462, 734 P2d 888 (1987) (striking a condition barring the defendant from entering Coos County because he posed a threat only to North Bend).

Despite the breadth of the condition—particularly the one prohibiting defendant from entering the state of Arizona—we decline to exercise our discretion to correct any error for several reasons. First, had defendant objected below, the record would be more fully developed as to the need for such a condition or the burden, if any, it imposes on defendant. Second, defendant has another avenue to modify the conditions of his probation: the trial court's ongoing jurisdiction. *See* ORS 137.540(9)(a) (allowing the trial court to modify the conditions of probation at any time). The final factor weighing against exercising our discretion is that an additional condition of defendant's probation already

requires him to seek permission to leave the state of Oregon. Nothing in the record suggests any reason defendant would need to go to Arizona such that the additional restriction imposed on that state in particular will have any practical effect. For these reasons, we decline to exercise our discretion to reverse the restriction as plain error.

Affirmed.