Submitted July 2, 2020; remanded for resentencing, otherwise affirmed
March 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN PATRICK PREUSSE,
*Defendant-Appellant.*

Marion County Circuit Court
17CN05561; A170398

482 P3d 189

Donald D. Abar, Judge.

Ernest G. Lannet, Chief Defender, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher Perdue, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

In this case, defendant challenges the trial court's imposition of a special condition of probation that forbade him to "enter into or participate in any intimate relationship or intimate encounters with any person (male or female) without prior written [probation officer] approval." The condition was imposed for defendant's punitive-contempt conviction, after he violated a restraining order that prohibited him from contacting his former girlfriend. In defendant's view, the challenged probation condition was more restrictive than necessary to accomplish the goal of probation for the contempt conviction; unconstitutionally overbroad under the Fourteenth Amendment to the United States Constitution; and unconstitutionally vague under the Oregon and United States Constitutions.

The state concedes that it was error for the trial court to impose the condition. That is because, although a trial court has discretion to impose special conditions of probation "for the protection of the public or reformation of the offender, or both," ORS 137.540(2), the imposition of special conditions of probation must be "reasonably related to the crime of conviction or the needs of the defendant," *id*., and "must be supported by the record at trial or at the sentencing hearing," *State v. Gallo*, 275 Or App 868, 869, 365 P3d 1154 (2015). We agree with the state that the record does not support the challenged special condition of probation and accept the concession. Consequently, we reverse and remand with an instruction to remove defendant's probation condition requiring a probation officer's permission for defendant to "enter into or participate in any intimate relationship or intimate encounters with any person (male or female)."

Remanded for resentencing; otherwise affirmed.