Submitted December 7, 2022, affirmed September 7, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARTHUR LEE FORBES,
*Defendant-Appellant.*

Coos County Circuit Court
21CR21509; A177411

537 P3d 580

Defendant appeals from the judgment of conviction entered after he pleaded guilty to certain property crimes. He assigns error to the sentencing court's imposition of a condition of probation requiring him to submit to polygraph tests upon the request of his probation officer. Defendant argues first that, under *Stanley v. Georgia*, 394 US 557, 568, 89 S Ct 1243, 22 L Ed 2d 542 (1969), a polygraph examination is an intrusion upon his fundamental right to privacy concerning his own thoughts. He argues second that the polygraph condition is not reasonably related to the crime of conviction, the protection of the public, or his rehabilitation, and that the condition is more restrictive than necessary. *Held*: The sentencing court did not err. First, *Stanley* dealt with legislative attempts to criminalize possession of obscene materials, not court-ordered conditions of probation. *Stanley* is inapposite. Second, the polygraph condition is not more restrictive than necessary given the criminal history of this defendant. The sentencing court properly concluded that the probation officer's discretionary use of polygraph tests was warranted to ensure defendant's compliance with probation and to increase his chance of successful rehabilitation. The condition is reasonably related to the offense and defendant's rehabilitation.

Affirmed.

Andrew E. Combs, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher Page, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Defendant appeals from the judgment of conviction entered after he pleaded guilty to certain property crimes in which his mother was the victim, specifically assigning error to the sentencing court's imposition of a condition of probation requiring him to submit to polygraph tests upon the request of his probation officer. Defendant argues that the polygraph condition is not reasonably related to the crime of conviction, the protection of the public, or his rehabilitation, and that the condition is more restrictive than necessary. We conclude that the sentencing court did not err by imposing the special condition.[1] We affirm.

"We review the trial court's imposition of probation conditions for errors of law." *State v. Phillips*, 206 Or App 90, 97, 135 P3d 461, *rev den*, 341 Or 548 (2006).

After a report from defendant's mother that he had taken her debit card and some cash, police contacted defendant and found the debit card and $65 in his sock. He was charged with identity theft (Count 1), two counts of fraudulent use of a credit card (Counts 2 and 3), and third-degree theft (Count 4), and he pleaded guilty to all the charges. The parties stipulated that his sentence "should be a downward-dispositional departure from a thirteen-month prison sentence to an eighteen-month probation sentence." At sentencing, defendant said his drug addiction was the underlying cause of his criminal conduct but that he was pursuing treatment and staying clean. Defendant's mother acknowledged his progress in recovery and was concerned that the sentence would derail his progress, which was the primary basis for the request for probation.

The sentencing court agreed to the stipulated probation sentence noting that the court did not "want to do

---

[1] We note that while polygraph test results are generally not admissible in legal proceedings where the Oregon Evidence Code applies, *State v. Brown*, 297 Or 404, 445, 687 P2d 751 (1984) (so holding), they are not necessarily inadmissible in probation revocation proceedings, *State v. Hammond*, 218 Or App 574, 582, 180 P3d 137 (2008), or prison disciplinary proceedings, *Snow v. OSP*, 308 Or 259, 267-68, 780 P2d 215 (1989), and we generally permit magistrates to consider polygraph test results in the context of assessing the credibility of unnamed informants when deciding whether to issue a search warrant. *State v. Fink*, 79 Or App 590, 595, 720 P2d 372, *rev den*, 302 Or 36 (1986).

anything that [would] take [defendant] off [his] feet." For probation conditions, the sentencing court chose a package that included a requirement that defendant submit to polygraph tests at the discretion of his probation officer. The court stated that the polygraph condition was appropriate because that test could be used as a tool to ensure that defendant was "keeping * * * away from" drug-related activities and to assist his probation officer in obtaining honest answers about defendant's treatment, since defendant's drug use was the underlying cause of his criminal conduct. Defendant objected to that condition, arguing first that polygraph tests as a general probation condition are statutorily authorized only in the case of sex offenses,[2] and second, that a special condition of probation must be reasonably related to the crime of conviction and that there "needs to be something specific and probably unusual about the case to justify a special condition other than the statutory conditions." The sentencing court then made these findings in response to the defendant's objections:

"[COURT]: And so that's why I expressly stated [the reasons for imposing the probation condition] on the record, and I stated my reasons as to why I'm stating it on the record. I understand that there's a difference of opinion with respect to that issue. It will stay as—as part of our package, and so that's what we'll do.

"[DEFENSE COUNSEL]: And for the record the reason that the court's imposing it in part is because it's part of this package that Coos County has, and the court has no intention of—of—of diverting from that—from that practice.

"* * * * *

"[COURT]: Unless there is some reason to depart. In this situation, as I stated, the reasons that it should be left on here as a tool for [parole and probation] to be able to use is to ensure that, one, the defendant here * * * continues to stay off drugs so he doesn't get himself into property crimes, which it sounds like that is the underlying issue that is going on here, and also with respect to his treatment that may be ordered, to ensure that he continues to participate

_____

[2] Defendant does not raise that argument on appeal and, therefore, we do not address it.

and complete any treatment that may be ordered. It is simply a tool for them to use, and it seems applicable in this situation."

Defendant argues on appeal that this record does not support the imposition of polygraph tests as a special condition of his probation, primarily because it is not reasonably related to the property crimes for which he was convicted, the protection of the public, or his rehabilitation, and because the condition is more restrictive than necessary.

ORS 137.540(2) provides the framework for a sentencing court to impose special conditions of probation if the conditions "are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both[.]" While a trial court has wide discretion in matters of probation, "a probation condition that is more restrictive than necessary to achieve the goals of probation is invalid." *State v. Donahue*, 243 Or App 520, 526, 259 P3d 981 (2011) (internal citations omitted). While a court does have discretion to order a condition for rehabilitative purposes, that "does not give courts open-ended discretion to rearrange an offender's life." *State v. Donovan*, 307 Or 461, 466, 770 P2d 581 (1989) (striking a condition of probation barring the defendant's participation in civil litigation concerning his children because it was not "a proper means of rehabilitation"). A sentencing court must also make findings sufficient to support its imposition of special conditions of probation. *State v. Gaskill*, 250 Or App 100, 103, 279 P3d 275 (2012).

We first address defendant's contention that courts have less discretion to impose a polygraph condition under *Donahue* because sentencing courts have less discretion to impose conditions that conflict with "fundamental rights." In *Donahue*, we considered the sentencing court's imposed condition prohibiting the defendant from entering a "high vice area" in Portland. 243 Or App at 522. We rejected the defendant's argument that the condition was "impermissibly overbroad" given her assertion of her fundamental right to freedom of association, concluding that "[e]ven if defendant is correct that the probation condition could have been more narrowly tailored, that fact alone does not establish that the

condition is overbroad or unconstitutionally infringed her [fundamental rights]." *Id.* at 527.

Here, defendant contends under *Stanley v. Georgia*, 394 US 557, 568, 89 S Ct 1243, 22 L Ed 2d 542 (1969), a case in which the Supreme Court concluded that the First and Fourteenth Amendments prohibit making private possession of obscene material a crime, that a polygraph examination is an intrusion of the fundamental right of privacy to one's own thoughts. *Stanley* did note that the state may not "constitutionally premise legislation on the desirability of controlling a person's private thoughts." 394 US at 566. But *Stanley* is distinguishable from this case. Unlike defendant, we do not see the connection between a court-imposed condition of probation that requires him to submit to polygraph tests, on the one hand, and a legislative decision to criminalize possession of obscene materials, on the other hand. *Stanley* is inapposite. The trial court did not violate defendant's right to privacy when it imposed the probationary condition requiring polygraph tests under the circumstances of this case.

Next, we examine whether the condition meets the statutory standard that special conditions of probation be "reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer[.]" ORS 137.540(2). Here, the court made the following findings as to why including a polygraph examination was appropriate in defendant's circumstances:

> "The reason that that would be applicable to this is it sounds as if the underlying issue here, as mentioned by your—as mentioned by your—just about everyone who has spoken, your mother and also your attorney, is that drugs played a role in your life at one point in time, and so there needs to be assurances that you are keeping yourself away from those types of activities and—and making sure that you're not going to be getting yourself back into—back into trouble in that—in that.

> "And also in the event that your probation officer orders any types of treatment, this also ensures that any types of questions with respect to treatment, that gives them the opportunity to be able to ask those questions under a polygraph. And so that's—those are the probation conditions."

Defendant argues that the other general and special conditions of probation imposed by the court adequately address the trial court's noted concerns about defendant refraining from using drugs and being truthful in his communications with his probation officer about treatment. Among those conditions were the prohibition of possession and use of controlled substances, mandatory testing, and mandatory participation in treatment at the discretion of the probation officer. According to defendant, the polygraph is a more restrictive condition accomplishing the same rehabilitation goal.

We have previously reversed special conditions that were not reasonably related to the crime of conviction or to a defendant's rehabilitation. *See*, *e.g.*, *State v. Borders*, 293 Or App 791, 796, 429 P3d 1067 (2018) (reversing the probationary conditions to cease drinking and to attend a DUII victim's impact panel class when the conviction was for driving while suspended). However, this is not a case in which the special condition of probation is unrelated to the conviction. The sentencing court laid out its reasoning carefully, concluding that because the underlying cause of defendant's criminal conduct was his drug use, the polygraph would assist the rehabilitative effort in making sure defendant refrains from drug use and honestly communicates with his probation officer about his treatment.

Further, "we will not hold that a probation condition is invalid simply because we can posit an alternative, 'more narrowly tailored' condition." *State v. Maack*, 270 Or App 400, 411, 348 P3d 265, *rev den*, 357 Or 743 (2015). We applied *Maack* recently in *State v. Bell*, 276 Or App 21, 366 P3d 756 (2016). In *Bell*, the defendant had been convicted of three counts of first-degree theft after taking money from Oregon State Police evidence lockers to sustain her gambling addiction for over a year. 276 Or App at 22. She sometimes moved money between lockers to hide the losses, and she staged a burglary at the evidence facility to cover up her theft. *Id.* The sentencing court imposed a spending restriction as part of her probation, prohibiting the defendant from spending more than $250 without permission from her probation officer unless it was for ordinary household expenses. *Id.* at 27.

While the spending limit was restrictive, we concluded that it was valid because the condition was not "more restrictive than necessary in light of the nature of defendant's crimes and gambling addiction, the lengths she went to in order to conceal them, and the significant amount of restitution she must pay back." *Id.* at 28.

This case is similar to *Bell*. There, we held that "[g]iven defendant's history of deception and her admitted gambling addiction, the court could properly conclude that monitoring or limiting defendant's spending was warranted to ensure her compliance with the other conditions of her probation." *Id.* at 27. Here, given defendant's history of drug abuse and his admission that his drug abuse underlies his criminal conduct, the sentencing court properly concluded that the probation officer's discretionary use of polygraph tests was warranted to ensure defendant's compliance with probation and to increase his chance of successful rehabilitation. The condition is not overly restrictive; it is instead restrictive "to a permissible degree in light of its reasonable relationship to the purposes of probation." *Donahue*, 243 Or App at 527. We are not required to engage in "less-restrictive-means analysis," and we will not do so here. *Id.* Defendant and his mother, the victim of the crime, both pointed to drug use as the underlying cause of his criminal conduct. The court expressed its intent not to derail the progress defendant had made in treatment in the time between the crime and the sentencing. The polygraph condition was reasonably related to defendant's rehabilitation, as permitted by ORS 137.540(2).

Affirmed.