Argued and submitted January 4, 2002, reversed and remanded in part; otherwise affirmed July 30, 2003

## STEVEN JON LONG,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

### A108952

73 P3d 934

Eric M. Cumfer argued the cause and filed the brief for petitioner.

Lore M. Bensel, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

Edmonds, P. J., concurring.

**KISTLER, J.**

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision (board) designating him as a predatory sex offender and establishing the conditions of his parole. We uphold the condition of parole that he challenges but reverse the board's predatory sex offender designation and remand for further proceedings.

Before turning to petitioner's arguments, we describe briefly the applicable statutory and regulatory framework. Pursuant to ORS 181.585, the board determines whether persons convicted of certain sex offenses should be designated as predatory sex offenders. In making that determination, the board uses a risk assessment scale approved by the Department of Corrections. *See* ORS 181.585(2); *V. L. Y. v. Board of Parole*, 188 Or App 617, 72 P3d 993 (2003). The risk assessment scale lists a series of factors that bear on whether a convicted sex offender is likely to reoffend. Not all factors are weighted equally, however. Some factors are designated as automatic override factors and still other factors are designated as starred factors. When the board made its determination in this case, a person would be designated as a predatory sex offender if either one automatic override factor or two starred factors applied. If no automatic override factor or fewer than two starred factors applied, then the board would consider all the positive and negative factors and, giving each factor a preassigned weight, determine whether the person should be designated as a predatory sex offender.

With that background in mind, we turn to the facts of this case. In 1992, petitioner was convicted of five counts of first-degree sex abuse and three counts of using a child in a display of sexually explicit conduct. Based on those convictions, the trial court sentenced petitioner to up to 11½ years in prison. Before petitioner's parole release date, the board made a preliminary determination that he should be designated as a predatory sex offender. More specifically, the board made a preliminary determination that three starred factors applied. It found that petitioner had a "[h]istory of sex crimes," that his "current sex offense conviction[s]" involved

"multiple victims," and that he had used "weapons or threats."

The board notified petitioner of its preliminary determination, sent him a copy of his scored risk assessment scale,[1] and informed him that he could respond in writing if he disagreed with the board's preliminary determination. Although the board invited petitioner to respond to its preliminary determination, it did not tell petitioner the factual basis for its determination. For example, the board did not tell petitioner whether it was basing its preliminary determination that he had a "history of sex crimes" on adjudicated or unadjudicated acts. It did not tell petitioner how many sex crimes he allegedly had committed before his present conviction, what sex crimes he had committed, when he had done so, or who his victims were. Similarly, the board did not specify whether its determination that he had used weapons or threats was based on actions connected to the offenses for which he had been convicted or to other unspecified offenses. Finally, the board did not specify what petitioner had allegedly said or done to threaten a victim or when he had allegedly taken those actions.

Petitioner filed a written response to the board's preliminary determination. Invoking due process and the Supreme Court's decision in *Noble v. Board of Parole*, 327 Or 485, 964 P2d 990 (1998), petitioner asked the board to notify him of the factual basis for its conclusion that the three starred factors applied. He also asked for an evidentiary hearing at which he could testify and cross-examine witnesses, and he argued that due process required the board to apply a clear and convincing evidence standard to any factual determination it made. Finally, petitioner raised a variety of other constitutional objections to designating him as a predatory sex offender.

After considering petitioner's written objections, the board issued its final order addressing those objections and designating him as a predatory sex offender. In its final order, the board explained, for the first time, that it based its

---

[1] After the board issued the orders in this case, it refined the procedures that it uses in deciding whether a person should be designated as a predatory sex offender. *See* OAR 255-060-0011 (codifying the board's current procedures).

conclusion that petitioner had a history of sex crimes on "detailed information in the presentence report about [petitioner's unadjudicated] past sexual abuse of two of his nieces." The board also explained why it had concluded that petitioner's crimes involved multiple victims. Finally, it explained that "[t]he 'use of weapons or threats' category is supported by statements in the presentence report by [petitioner's] daughter indicating that while he was sexually abusing her, he told her not to tell anyone because she would get in trouble." The board reasoned, "Given the trust relationship that is supposed to exist between a young girl and her father, [petitioner's] statements that the child would get in trouble if she told is a threatening statement relating to the sexual abuse."

On review, petitioner repeats the various statutory and constitutional issues that he raised below. Most of the issues that petitioner raises on review are answered by our decision in *V. L. Y.*, and we affirm those issues without further discussion. We write, however, to address two issues that were not presented in *V. L. Y.* We begin with petitioner's claim that the board failed to provide him with constitutionally adequate notice.

 "The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending 'hearing.'" *Memphis Light, Gas & Water v. Craft*, 436 US 1, 14, 98 S Ct 1554, 56 L Ed 2d 30 (1978); *see Mullane v. Central Hanover Trust Co.*, 339 US 306, 70 S Ct 652, 94 L Ed 865 (1950). The board's notice did not meet that standard. The board notified petitioner that it had made a preliminary decision to designate him as a predatory sex offender because, among other things, he had a "history of sex crimes." The board, however, did not tell petitioner (until after it had made its final decision) what sex crimes he allegedly had committed, when those crimes allegedly occurred, or with whom. Without that information or some process that would permit him to discover that information, petitioner was in no position to respond—in writing or otherwise—to the board's determination that he had a history of sex crimes. *See Memphis Light, Gas & Water*, 436 US at 14; *Carr v. SAIF Corp.*, 65 Or App 110, 123-24, 670 P2d

1037 (1983), *rev dismissed*, 297 Or 83 (1984) (adequate pre-suspension notice would inform an individual that the agency was considering suspension, the charges involved, and the evidence upon which the charges are based). The same problem inheres in the board's preliminary determination that petitioner used weapons or threats.[2]

Because the board failed to provide petitioner with constitutionally adequate notice, its order must be reversed. *Cf. Noble*, 327 Or at 498 (requiring adequate notice).[3] We do not know whether, on remand, petitioner will contest the facts on which the board based its decision. If he does, the board will be required to decide whether it may avoid a pre-determination hearing because the facts on which it relies are objective facts that cannot reasonably be contested. *See Connecticut Department of Public Safety v. Doe*, 538 US 1, 123 S Ct 1160, 155 L Ed 2d 98 (2003) (holding that no predetermination hearing is constitutionally required when a sexual offender designation is based solely on an objective fact that cannot reasonably be questioned, such as the offender's conviction); *Noble*, 327 Or at 497 (referring to the objective facts in *Mackey v. Montrym*, 443 US 1, 13, 99 S Ct 2612, 61 L Ed 2d 321 (1979)). Similarly, because it is unclear whether the board will rely on objective facts that cannot reasonably be disputed or, if it does not, whether petitioner will contest the facts on which the board relies, it would not be appropriate at this stage of the proceedings to decide whether the Due Process Clause requires the board to use a clear and convincing rather than a preponderance of the evidence standard to resolve disputed facts.

■ Petitioner raises a second issue that requires resolution. He argues that the board could not, as a condition of his parole, prohibit him from "possess[ing] videos, books or other

---

[2] The board told petitioner that it based its designation on the "use of weapons or threats," but it did not tell him when he allegedly had used any weapons or threats, whom petitioner allegedly had threatened, or what he supposedly had said.

[3] This case does not require us to decide whether the general notice that the board provided would have been constitutionally adequate if the board had also provided petitioner with a reasonable opportunity, before it required him to file his written objections, to discover the factual basis for its preliminary determination. We express no opinion on that issue.

media with children as primary subjects or actors unless such material is approved prior in writing by the supervising officer." He contends that, as a statutory matter, the condition is not necessary or related to his individual circumstances. *See* ORS 144.270(3)(a). He argues alternatively that, even if the board had the statutory authority to impose this condition, the condition violates the Due Process Clause because it fails to give fair notice of what it prohibits. We begin with petitioner's statutory argument.

ORS 144.270(3)(a) authorizes the board to "establish such special conditions [of parole] as it shall determine are necessary because of the individual circumstances of the parolee."[4] Petitioner was convicted of first-degree sexual abuse involving children and using children in a display of sexually explicit conduct. A 1998 sex offender evaluation disclosed a long history of pedophilia and sexual interest in commercial films involving children. The record shows, for example, that petitioner has become sexually aroused and engaged in sexual acts while watching commercial movies and television shows involving child actors. An evaluator examining petitioner recommended, as a condition of parole, that petitioner "[n]ot view movies, films, [and] television shows which * * * act as stimulus to deviant arousal." On this record, the board reasonably determined that the prohibition against possessing "books or other media with children as primary subjects or actors" was necessary in light of petitioner's history. *See Martin v. Board of Parole,* 327 Or 147, 157, 957 P2d 1210 (1998) (stating the standard of review for post-prison supervision conditions).

Having determined that the condition is authorized, we turn to petitioner's argument that it violates due process. Petitioner argued before the board that the condition was unconstitutionally vague because it fails to give fair notice of the materials it prohibits.[5] In response to that argument, the

---

[4] Although petitioner and the board assume that the applicable statute is ORS 144.270(3)(a), ORS 144.270(3)(b)(G) appears to be more on point. It provides that, if a person is convicted of sexual abuse in the first degree, the board "shall include * * * as [a] special conditio[n] of the person's parole * * * a prohibition against viewing, listening to, owning or possessing any sexually stimulating visual or auditory materials that are relevant to the person's deviant behavior."

[5] Petitioner did not argue below that the condition was vague in violation of Article I, sections 20 and 21, because it gave unbridled discretion to the supervising

board explained that the restriction against possessing materials with children as the primary subjects or actors limited its scope. The board, however, also modified the condition by adding the phrase "unless such material is approved prior in writing by the supervising officer." It explained that, "[i]f there are any materials in [petitioner's] possession that he feels may be subject to this condition, he can show those materials to his parole officer and receive written permission to possess those materials." The board concluded that the condition, as modified, gave petitioner fair notice of what it prohibits.

We agree with the board's reasoning. As the board noted, the condition applies only to possessing materials that have children as the primary subjects or actors. More importantly, if petitioner is unsure whether any materials that he possesses come within this restriction, he can always ask his supervising officer whether they do.[6] The condition thus provides a procedural mechanism for removing any doubt about which materials it prohibits. As modified, the condition does not fail to give petitioner fair notice in violation of the Due Process Clause.

Order determining petitioner to be a predatory sex offender reversed and remanded for a new hearing; otherwise affirmed.

### EDMONDS, P. J., concurring.

■ I agree with the majority's opinion that we are bound by this court's decision in *V. L. Y. v. Board of Parole*, 188 Or App 617, 72 P3d 993 (2003). I therefore join with the majority opinion. However, I write separately to note that the effect of this court's majority opinion in *V. L. Y.* is to reject petitioner's arguments that he is entitled to a predetermination hearing in the event that the board determines that the facts that it

---

officer. *See Delgado v. Souders*, 334 Or 122, 144-48, 46 P3d 729 (2002) (explaining that a party who limited his vagueness claim to a lack of fair notice had a claim only under the Due Process Clause).

[6] Petitioner argues that he may violate this condition whenever he turns on his television set or picks up a magazine. The condition, however, prohibits petitioner from possessing certain media, not from viewing them on television. Moreover, the board has recognized that petitioner can possess the materials long enough to ask his supervising officer to determine whether they are permissible.

relies on to designate him as a predatory sex offender are derived from his criminal history. In other words, it is possible that on remand the board, under our holding in *V. L. Y.*, could rely on facts that, under its rules, would effectively prohibit petitioner from offering any evidence to demonstrate that he currently does not exhibit characteristics showing a tendency to victimize or injure others.[1] As I explained in my dissent in *V. L. Y.*, I believe that the board's rule that permits it to avoid making a subjective determination of whether petitioner currently exhibits characteristics showing a tendency to victimize or injure others exceeds the scope of authority granted to the board by the legislature to determine by rule the criteria for predatory sex offender status. 189 Or App at 641-42 (Edmonds, J., dissenting).

Armstrong, J., joins in this concurrence.

---

[1] ORS 181.585(1) provides, in part, that

"a person is a predatory sex offender if the person exhibits characteristics showing a tendency to victimize or injure others and has been convicted of a sex crime listed in ORS 181.594(2)(a) to (d), has been convicted of attempting to commit one of those crimes or has been found guilty except for insanity of one of those crimes."