Argued and submitted December 8, 2014, vacated and remanded August 3, 2016

Ruth HINMAN,
an individual,
*Plaintiff-Respondent,*

*v.*

SILVER STAR GROUP, LLC,
an Oregon limited liability company,
dba Restoration Professionals & Consultants,
*Defendant-Appellant.*

Lincoln County Circuit Court
130622; A154637

380 P3d 994

Thomas O. Branford, Judge.

Calvin P. Vance filed the briefs for appellant.

Robert S. May argued the cause for respondent. With him on the brief was Smith Freed & Eberhard, PC.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.*

---

* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

## ARMSTRONG, P. J.

Defendant appeals an order that denied its motion to compel arbitration. Plaintiff, an elderly homeowner, commenced an action against defendant, alleging that defendant had misled her into purchasing services for her home that she could not afford. Defendant moved to compel arbitration on the ground that the parties had entered into a contract that included an arbitration clause, and plaintiff's claims came within the clause. The trial court concluded that plaintiff's claims were claims to which the arbitration clause applied. However, the trial court further concluded that the parties' contract was unconscionable and, therefore, that the arbitration clause, as part of the contract, was unenforceable. The trial court denied defendant's motion to compel arbitration on that basis and entered an order reflecting that decision. Defendant appeals the order, arguing that the trial court lacked authority to determine whether the parties' contract was unconscionable and, hence, unenforceable, and that the trial court erred when it assumed, for purposes of its unconscionability decision, that the allegations in plaintiff's complaint were true. We conclude that the trial court had authority to deny defendant's motion on the ground that the parties' contract was unenforceable, but the court erred in resolving that question by assuming the allegations in plaintiff's complaint to be true rather than by engaging in the factfinding necessary to decide the question. Consequently, we vacate the court's order and remand to allow the court to undertake the required factfinding task.

Plaintiff is an elderly woman who lives in her home on the Oregon coast. Defendant is a limited liability company that constructs and repairs buildings. The roof on plaintiff's home needed repair, and plaintiff contacted defendant about repairing it. Defendant responded and entered into a written contract with plaintiff to repair her roof. The contract provided that defendant would determine the work necessary to repair the roof and would perform that work. The contract also contained an arbitration clause, which provided that "all disputes or claims arising in connection with this agreement, breach thereof, or related in any way to the relationship between [the parties] shall be resolved by binding, nonappealable arbitration."

A storm damaged plaintiff's roof before defendant undertook to repair it. Defendant proceeded to repair the roof, including the damage caused by the storm, and sent an invoice for its work in the amount of $20,353 to Allstate Insurance Company, with which plaintiff carried homeowner's insurance. Defendant received $6,491 from Allstate for the portion of the work that Allstate believed to be covered by plaintiff's insurance policy. Defendant then sought the remaining $13,862 from plaintiff.

Plaintiff responded by filing an action against defendant, seeking monetary damages and an injunction to prevent defendant from collecting the money that it claimed to be owed by plaintiff. Plaintiff alleged in the action claims for fraudulent misrepresentation, negligent misrepresentation, unlawful trade practices, and elder abuse.

Defendant responded by filing a motion to dismiss plaintiff's complaint—on the ground that there was another action pending between the parties[1]—and to compel arbitration—on the ground that plaintiff's claims were subject to arbitration under the parties' contract. Plaintiff opposed the motion, contending that the arbitration clause did not apply to her claims because her claims dealt with the cost to repair the damage caused by the storm, while the parties' contract covered only repairs for damage that preceded the storm.

The trial court issued a letter opinion in which it concluded that plaintiff's claims came within the arbitration clause of the parties' contract. However, without prompting from either party, the court proceeded to presume that the allegations of plaintiff's complaint were true, and, in light of those allegations and the terms of the contract, the court concluded that the contract was unconscionable. It consequently concluded that the arbitration clause was unenforceable, and it entered an order denying defendant's motion.

---

[1] Defendant commenced an arbitration proceeding against plaintiff after plaintiff filed her action. It then moved under ORCP 21 A(3) to dismiss plaintiff's complaint on the ground that the arbitration proceeding constituted another pending action that involved the same parties and cause as plaintiff's action. The trial court denied the motion to dismiss, which is not at issue on appeal.

Defendant filed a motion for reconsideration and, in the alternative, to stay the action pending appeal. Defendant contended that, in ruling on the motion to compel arbitration, the trial court had authority under Oregon law to determine only whether the arbitration clause in the parties' contract was enforceable, not whether the contract containing the clause was enforceable. Consequently, the court had erred in denying the motion to compel on the ground that the parties' contract was unconscionable and, hence, unenforceable. Defendant further contended that, even if the court had authority to determine the enforceability of the parties' contract, it nonetheless had erred by assuming the allegations in plaintiff's complaint to be true without taking into account the countervailing evidence presented by defendant. The trial court denied reconsideration but stayed the action pending appeal.

Defendant appeals the order denying its motion to compel arbitration, reprising the arguments that it made in its reconsideration motion.[2] Plaintiff, in turn, defends the trial court's ruling.[3]

We begin by addressing whether the trial court erred by determining the enforceability of the parties' contract, as opposed to the enforceability of the arbitration clause in their contract, in ruling on defendant's motion to compel arbitration. Neither party disputes that the Oregon Uniform Arbitration Act, ORS 36.600 to 36.740, governs the enforcement of an arbitration agreement that does not implicate interstate commerce, such as the one in this case. ORS 36.620, which is part of the act, provides in relevant part:

"(1) An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising

---

[2] Generally, a party cannot preserve an issue for appellate review by raising it for the first time in a reconsideration motion. *See, e.g., R & C Ranch, LLC v. Kunde*, 177 Or App 304, 316, 33 P3d 1011 (2001). That principle is inapposite where, as here, the trial court rules on an issue in a manner that the parties could not anticipate.

[3] Plaintiff moved to dismiss the appeal on the ground that we lack jurisdiction over it. The Appellate Commissioner denied the motion by order. Plaintiff renewed its jurisdictional argument on appeal. For the reasons stated in the Appellate Commissioner's order, we conclude that we have jurisdiction of the appeal.

between the parties to the agreement is valid, enforceable and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract.

"(2)  Subject to ORS 36.625(8), the court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate.

"(3)  An arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled.

"(4)  If a party to a judicial proceeding challenges the existence of, or claims that a controversy is not subject to, an agreement to arbitrate, the arbitration proceeding may continue pending final resolution of the issue by the court, unless the court otherwise orders."

ORS 36.625, in turn, provides, as relevant:

"(1)  On petition of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:

"* * * * *

"(b)  If the refusing party opposes the petition, the court shall proceed summarily to decide the issue as provided in subsection (8) of this section and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.

"* * * * *

"(8)  A judge shall decide all issues raised under a petition filed under ORS 36.600 to 36.740 unless there is a constitutional right to a jury trial on the issue. If there is a constitutional right to a jury trial on an issue, the issue shall be tried to a jury upon the request of any party to the proceeding."

The parties disagree on the proper understanding of those statutes. Defendant contends that, in the context of ruling on a motion to compel arbitration, a trial court has authority to determine only whether an arbitration agreement or clause is enforceable and not whether a contract containing an arbitration agreement or clause is enforceable. Plaintiff responds that the trial court has the authority to make both of those determinations.

The legislative history of Oregon's Uniform Arbitration Act establishes that the legislature intended to give trial courts the authority to deny a motion to compel arbitration under an arbitration clause in a contract on the ground that the contract containing the arbitration clause is unenforceable. ORS 36.620 was enacted in 2003 as part of a bill that was introduced on behalf of the Alternative Dispute Resolution Section of the Oregon State Bar and modeled on the Revised Uniform Arbitration Act. *See* Or Laws 2003, ch 598, § 6; Testimony, Senate Committee on Judiciary, HB 2279, May 12, 2003, Ex F (statement of James Damis submitted on behalf of Oregon State Bar Alternative Dispute Resolution Section).

As originally introduced in the Oregon House of Representatives, subsection (3) of section 6 of House Bill (HB) 2279 (2003) explicitly provided that arbitrators, not courts, would determine whether a contract containing an agreement to arbitrate was enforceable:

"(3)   An arbitrator shall decide * * * whether a contract containing a valid agreement to arbitrate is enforceable."

HB 2279, § 6(3). That provision was taken directly from the Revised Uniform Arbitration Act, which, in its commentary, explained that it was intended to assign to arbitrators the task of determining the enforceability of a contract containing an arbitration clause, and to assign to courts the task only of determining whether the arbitration clause was enforceable. *See* Revised Uniform Arbitration Act, § 6, comment 4. The Oregon House passed HB 2279 with that provision.

However, in the Senate Judiciary Committee, Senator Charlie Ringo proposed to amend HB 2279 to remove from subsection (3) of section 6 the phrase "whether a contract containing a valid agreement to arbitrate is enforceable." Senator Ringo explained that, under the Revised Uniform Arbitration Act and existing case law, it is the arbitrator who determines whether a contract containing an arbitration clause is enforceable. He said that his amendment was intended to "take that decision away from the arbitrator and leav[e] it with the circuit court." Testimony, Senate Committee on Judiciary, June 17, 2003 (statement of Sen

Charlie Ringo). The committee adopted Senator Ringo's amendment, the Senate passed the amended version of HB 2279, and the House concurred in the amended bill. In light of that legislative history, we conclude that the legislature intended, through its adoption of ORS 36.620 and ORS 36.625, to give courts the authority to deny a motion to compel arbitration under an arbitration clause in a contract on the ground that the contract containing the clause is unenforceable, as the trial court did here.

That conclusion, in turn, requires us to determine whether the trial court erred in resolving the unconscionability question as it did by assuming the allegations of plaintiff's complaint to be true. The question whether a contract is unconscionable presents a mixed question of law and fact. Unconscionability has both substantive and procedural components. *See, e.g., Bagley v. Mt. Bachelor, Inc.*, 356 Or 543, 555, 340 P3d 27 (2014). Substantive unconscionability concerns whether the terms of a contract are contrary to public policy. *Id.* Procedural unconscionability concerns the conditions under which the parties entered the contract and focuses on two factors: whether there was unequal bargaining power between the parties and whether terms of the contract were hidden from a party. *Id.* Both of the procedural factors present factual questions that, if disputed, a court must resolve as it would any other factual question bearing on the enforceability of a contract.[4] If, as in this case, the facts bearing on unconscionability are disputed, then the court must allow the parties to present evidence on those facts and must decide the factual questions presented to it.

Here, the trial court resolved the unconscionability question by assuming the truth of the allegations in plaintiff's complaint rather than by allowing the parties to present evidence on the question and resolving the disputed

---

[4] We acknowledge that, in *Livingston v. Metropolitan Pediatrics, LLC*, 234 Or App 137, 140, 227 P3d 796 (2010)—a case involving whether the trial court had erred in denying a motion to compel arbitration based on the court's conclusion that the parties' arbitration agreement was unconscionable—we assumed for purposes of the issues raised on appeal that the allegations of the plaintiff's complaint were true. However, the determination whether the arbitration agreement was unconscionable presented only legal, not factual, questions on which the complaint's allegations had no bearing.

factual questions in light of the evidence. The court erred in doing that. We therefore vacate the court's order and remand the case to allow the court to engage in the necessary factfinding.

Vacated and remanded.