Submitted July 17, 2020, affirmed June 30, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DYLAN ROBERT FARRIS,
*Defendant-Appellant.*

Washington County Circuit Court
18CR25173; A169284

492 P3d 744

Defendant, who pleaded guilty to one count of second-degree sexual abuse, ORS 163.425, challenges a special condition of his probation. That condition prohibits defendant from entering into "any intimate or sexual relationship or encounter (such as dating, romantic, or otherwise sexual) with any person without prior written permission from [his] supervising officer." Defendant argues that the condition is vague, in violation of the state and federal constitutions, and overbroad, in violation of the federal constitution. *Held*: The challenged probation condition was not vague in violation of the state or federal constitutions, because a person of common intelligence and the supervising probation officer would understand that the condition applies to relationships of a sexual nature, and defendant's supervising officer could offer additional guidance. The condition was not overbroad in violation of the federal constitution because it interfered with defendant's right of association to a permissible degree in light of the purposes of probation.

Affirmed.

Theodore E. Sims, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher Page, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeVORE, P. J.

Affirmed.

**DeVORE, P. J.**

Defendant, who pleaded guilty to one count of second-degree sexual abuse, ORS 163.425, challenges a special condition of his probation that prohibits defendant from entering into "any intimate or sexual relationship or encounter * * * with any person without prior written permission from [his] supervising officer." Defendant argues that the condition is vague, in violation of the state and federal constitutions, and overbroad, in violation of the federal constitution. For the reasons below, we conclude that the challenged condition is neither unconstitutionally vague nor overbroad. We affirm.

Defendant's conviction followed his guilty plea to the sexual abuse of a 16-year-old girl who "functions and presents as much younger [than] her chronological age." Defendant was 19 years old at the time of the abuse and had moved in with the victim and her mother. Defendant admitted that, over the course of a month, he began touching the victim and eventually had sex with her. The victim told investigators that she felt that she could not say no when defendant approached her for sex.

The sentencing court imposed a sentence of five years of probation and a number of probation conditions. The ninth special condition of probation entered on the judgment of conviction requires, in full, that

> "[t]he defendant shall not enter into or participate in any intimate or sexual relationship or encounter (such as dating, romantic, or otherwise sexual) with any person without prior written permission from the supervising officer."

That condition was not discussed at sentencing, and, contrary to the state's assertion, there is no evidence in this record that defendant had notice of that condition until it appeared in the judgment of conviction. Preservation concerns do not preclude review.

On appeal, defendant challenges the validity of that condition in two ways. First, in a combined argument, defendant contends that the probation condition violates

Article I, sections 20 and 21, of the Oregon Constitution[1] and the Due Process Clause of the Fourteenth Amendment to the United States Constitution,[2] because its terms are vague. Specifically, defendant argues that the use of the word "intimate" in the condition is so vague that it "grants uncontrolled discretion to defendant's probation officer to interpret and enforce" the provision. Also, he contends that the condition fails "to provide sufficient notice because it fails to identify the prohibited conduct for a person of ordinary intelligence." Second, defendant contends that the condition violates the Due Process Clause because it too greatly infringes on defendant's constitutionally protected right to "association and privacy in marriage and family." Therefore, he concludes it is overbroad.

    The state responds that the challenged probation condition is not vague in violation of the state or federal constitutions, because a person of common intelligence and the supervising probation officer would understand that the condition applies to relationships of a sexual nature. Further, the state contends, the supervising officer can advise defendant if questions arise in order to further mitigate against any possibility of vagueness. Given the circumstances of defendant's conviction, the state argues that the condition is reasonably related to the policies underlying supervision—public safety and reformation—and is not unconstitutionally overbroad. The state has the better argument.

    We consider defendant's state constitutional claim first, *State v. Sanders*, 343 Or 35, 39, 163 P3d 607 (2007), and review the sentencing court's imposition of a probation

---

[1] Article I, section 20, of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Article I, section 21, of the Oregon Constitution provides:

"No *ex-post facto* law * * * shall ever be passed, nor shall any law be passed, the taking effect of which shall be made to depend on any authority, except as provided in this Constitution; * * *."

[2] The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides, in part:

"nor shall any State deprive any person of life, liberty, or property, without due process of law * * *."

condition for legal error, *State v. Gallo*, 275 Or App 868, 869, 365 P3d 1154 (2015).

A probation condition violates Article I, sections 20 and 21, of the Oregon Constitution if its terms are so vague that the condition is not "sufficiently explicit to inform those who are subject to it of what conduct on their part will render them" in violation of the condition. *State v. Graves*, 299 Or 189, 195, 700 P2d 244 (1985); *see Murphy v. Board of Parole*, 241 Or App 177, 186, 250 P3d 13, *rev den*, 350 Or 571 (2011) (applying the same vagueness principles applicable to statutes to parole conditions). A probation condition is also vague in violation of those provisions of the Oregon Constitution where its terms delegate "uncontrolled discretion" to judges and enforcement personnel to decide what conduct is prohibited by the condition. *State v. Illig-Renn*, 341 Or 228, 239, 142 P3d 62 (2006); *see State v. Rogers*, 352 Or 510, 528, 288 P3d 544 (2012) (explaining that "[v]agueness concerns typically arise when a statute contains terms that are so indeterminate or standardless that they leave questions about its application to the ad hoc judgments of judge, jury, or police"). The condition does not need to be defined with such precision that a person in every case can determine in advance that specific conduct will fall within the condition, but a reasonable degree of certainty is required by Article I, sections 20 and 21. *Graves*, 299 Or at 195.

Defendant's fair notice criticism focuses on a single word in the probation condition: "intimate." Defendant argues that given the "vagaries of human experience," no man of common intelligence, including defendant and his probation officer, would be able to agree on what type of relationship would qualify as "intimate."

Defendant is correct that the meaning of the word "intimate" is broad. As the Oregon Supreme Court has explained in the context of a statutory challenge to a parole condition,

> "[t]he ordinary meaning of 'intimate' is broad—essentially, to be 'marked by a very close physical, mental or social association, connection, or contact.' *Webster's* [*Third New Int'l Dictionary* 1184 (unabridged ed 2002)]. As that definition reflects, a relationship that is 'intimate' could just as

easily be describing a familial one, such as between a parent and child; a close friendship; or a sexual relationship."

*Penn v. Board of Parole*, 365 Or 607, 637, 451 P3d 589 (2019). The court concluded that, although the board enjoys significant authority to impose special conditions of post-prison supervision, it had acted outside that authority. 365 Or at 638.

In *Penn*, however, the challenged post-prison supervision condition was less specific than defendant's probation condition in this case. The supervision condition required that the petitioner not "'enter into or participate in any intimate relationship or intimate encounters with any person (male or female) without the prior written permission' of his supervising officer." *Id.* at 609. In that instance, where the state argued that "intimate" clearly only encompassed relationships of a sexual nature, the Oregon Supreme Court concluded that

> "[i]n the absence of additional wording or context that establishes unambiguously that the narrower meaning—'sexual'—is intended, a 'person of ordinary intelligence will not know, with any degree of certainty, whether the condition extends to close social and mental relationships and other close physical relationships as well as sexual ones.'"

*Id.* at 637-38. The board's refusal, even after administrative review, to modify the condition so that it had a narrower focus proved fatal to the condition. *Id.* at 639.

In this case, the probation condition offers additional wording that goes beyond the word "intimate" to describe when defendant must seek permission from his probation officer before entering into a relationship. The condition provides that defendant must seek permission before participating in any "intimate or *sexual* relationship or encounter (such as *dating, romantic*, or *otherwise sexual*) * * *." (Emphases added.) Unlike in *Penn*, that phrasing clarifies that, within the broad range of possible "intimate" relationships or encounters, the condition is focusing on the "sexual" sort. The condition goes on to provide examples of the relevant behavior. Those surrounding terms of the condition provide context and meaning to the word "intimate";

those terms clarify the targeted relationships or encounters are those of a sexual nature and not of a familial nature.

Defendant's remaining argument as to fair notice is that, even if the condition requires him to seek approval for only intimate relationships of a sexual nature, he would not know if he needed to seek approval to send a "love letter to a person who does not have reciprocal romantic feelings."

The condition, however, mitigates against a lack of fair notice by providing a procedural mechanism for removing any doubt as to whether defendant needs to seek prior permission before entering a given relationship. If defendant is unsure whether a relationship is of an "otherwise sexual" nature, he can ask his probation officer for guidance. *See Long v. Board of Parole*, 189 Or App 56, 63, 73 P3d 934 (2003) (explaining that a probationer may be guided as to the meaning of a condition by the further explanation or instruction from his probation officer). Given that procedural mechanism and the clarifying supporting terms, the condition provides a person of common intelligence sufficient notice to know when to seek approval or guidance from his probation officer.

For similar reasons, the challenged condition is not vague in Oregon constitutional terms on the basis that it vests unbridled discretion with defendant's probation officer. A condition typically raises the risk of subjecting a probationer to the ad hoc judgments of a judge or an enforcement officer when it contains terms that are "indeterminate" or "standardless." *Rogers*, 352 Or at 528. The fact that a condition contains terms that may require an enforcing officer to interpret the condition in certain situations does not necessarily render it unconstitutionally vague. *Id.*

As explained above, the condition provides guiding terms and definitions beyond the general definition of the word "intimate" relied on by defendant, "any contact that is 'marked by a very close physical, mental, or social connection.'" *Penn*, 365 Or at 637 (quoting *Webster's* at 1184). Defendant does not explain, other than providing a mere assertion, why the explanatory terms "sexual," "dating," and "romantic" would not sufficiently guide a probation officer when determining if approval is required for a given

relationship. Although those words individually may have varying meanings, taken together, they all sufficiently contain common elements so that, even absent a list of every possible permutation or relationship that the condition may encompass, an enforcing officer would have sufficient guidance to understand that the sentencing court intended to encompass relationships that may become sexual. The condition is not so indeterminate or standardless as to leave the determination of applicable relationships totally to the ad hoc whims of the probation officer.

The challenged condition is also not vague in violation of the federal Due Process Clause. The vagueness analysis under the federal constitution is very similar to the Oregon constitutional analysis. *State v. Plowman*, 314 Or 157, 162, 838 P2d 558 (1992), *cert den*, 508 US 974 (1993). A statute or probation condition is vague under the Due Process Clause if it contains a lack of notice so that men of common intelligence must necessarily guess at its meaning, *United States v. King*, 608 F3d 1122, 1128 (9th Cir 2010), or allows those who enforce it to do so in an arbitrary or discriminatory manner. *Kolender v. Lawson*, 461 US 352, 357, 103 S Ct 1855, 75 L Ed 2d 903 (1983); *see United States v. Johnson*, 626 F3d 1085, 1090 (9th Cir 2010) (applying the same vagueness principles of the Due Process Clause applicable to statutes to conditions of supervised release). As explained above with respect to the Oregon Constitution, the probation condition does neither of those things and, accordingly, does not violate the Due Process Clause.

Defendant next argues that the probation condition is overbroad because it encroaches upon his freedom of association under the Fourteenth Amendment to the United States Constitution. A condition is overbroad when it purports to prohibit conduct that is constitutionally protected. *State v. Ausmus*, 336 Or 493, 504, 85 P3d 864 (2003).

Defendant contends that the challenged condition violates his fundamental rights to marriage, familial association, religion, procreation, and privacy. In respect to overbreadth, defendant renews his arguments that the definitions of the words "intimate" and "encounters" are so expansive as to cover almost any interaction with any

person. Specifically, he argues that by its plain language, the condition restricts his ability to spend time with all of his close family and friends, have a conversation with his neighbor or professional colleague, give confession to a priest, seek a mentor at Alcoholics Anonymous, or write to a pen pal.

We disagree. As explained above, the scope of the probation condition is not so expansive. When read as a complete sentence, the probation condition guides defendant to seek approval from his probation officer before beginning a relationship that may become sexual. It does not logically follow that such a prohibition would impede defendant's ability to form a typical relationship with a religious leader, neighbor, family member, or stranger in a coffee shop.

To the extent that the probation condition does implicate defendant's fundamental rights under the Fourteenth Amendment by potentially restricting his personal decisions relating to marriage, procreation, and intimate association, that intrusion is not necessarily fatal. *See, e.g.*, *Obergefell v. Hodges*, 576 US 644, 646, 135 S Ct 2584, 192 L Ed 2d 609 (2015); *Lawrence v. Texas*, 539 US 558, 578, 123 S Ct 2472, 156 L Ed 2d 508 (2003) (both describing the constitutional protection afforded those rights by the Due Process Clause).

Where fundamental rights are affected, the sentencing court does have "less discretion" to impose conflicting conditions. *State v. Donahue*, 243 Or App 520, 526, 259 P3d 981 (2011) (internal quotation marks omitted). However, inherent in the nature of probation is that probationers "do not enjoy the absolute liberty to which every citizen is entitled." *United States v. Knights*, 534 US 112, 119, 122 S Ct 587, 151 L Ed 2d 497 (2001) (internal quotation marks omitted). A sentencing court may impose reasonable probation conditions that curtail a probationer's fundamental rights in relation to those enjoyed by other citizens. *Id.* The degree to which a probation condition interferes with a probationer's fundamental rights is balanced against its reasonable relation to the two primary goals of probation—rehabilitation and protecting the public from future criminal violations. *Id.*; *Donahue*, 243 Or App at 526.

We conclude that, on this record, the challenged probation condition is not impermissibly broad in light of defendant's invocation of his freedom of association. There is a direct relationship between the nature of defendant's crimes and the purposes of probation. Defendant's conviction involves an abusive relationship with a minor. After moving in with the victim and her mother, defendant cultivated trust with the victim so as to put himself into a position of power making the victim feel as if she could not refuse when he initiated a sexual relationship. The circumstance that the victim was underage and functioned at a level far below her actual age did not deter defendant from pursuing a sexual relationship with her.

Requiring defendant to alert his probation officer to ask permission before entering into another potentially sexual relationship is a reasonable mechanism to protect the public from defendant once again entering into an inappropriate relationship with someone he has cultivated trust. The condition serves the purposes of rehabilitation by helping to prevent defendant from reoffending through the guidance of his probation officer.

The precautionary restriction is limited in scope and duration. Defendant is allowed to enter into a potentially sexual relationship once he has obtained the permission of his probation officer, and the condition imposed is limited to the term of defendant's probation—five years. The probation condition interferes with defendant's right of association to a permissible degree in light of the purposes of probation.

In all, the probation condition is not impermissibly vague under either the state or federal constitutions, and it is not overly broad in violation of the federal constitution.

Affirmed.