Submitted November 4, 2021, affirmed July 20, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FRED SCOTT MEYERS,
*Defendant-Appellant.*

Marion County Circuit Court
18CR82205; A174249

514 P3d 1147

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII) under ORS 813.011, which makes DUII a Class C felony if a person had been convicted of DUII at least two times in the 10 years before the date of the current offense. ORS 813.010(5)(a) also makes DUII a Class C felony if the current offense was committed in a motor vehicle and the defendant has been convicted of DUII at least three times in the prior 10 years. Defendant argues that ORS 813.010 and ORS 813.011 are unconstitutionally vague in violation of Article I, section 20, of the Oregon Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution because they fail to give fair warning as to whether a defendant's third DUII conviction is a misdemeanor or a felony and because the statutes give the prosecution "unfettered" charging power. Defendant also argues that he was treated differently from other similarly situated individuals, in violation of Article I, section 20. *Held*: The trial court did not err in ruling that neither ORS 813.010 nor ORS 813.011 is unconstitutionally vague under Article I, section 20, or the Due Process Clause. Defendant failed to preserve his claim that he was, in fact, treated differently than other similarly situated individuals.

Affirmed.

Daniel J. Wren, Judge.

R. Grant Cook, D. Stephanie Rivera, and Cook-Law Firm filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Kamins, Presiding Judge, and Lagesen, Chief Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII). We write to address defendant's arguments that the trial court erred in denying his motion to dismiss the indictment because the statutes under which he was charged are unconstitutionally vague and because he was treated unequally as compared to similarly situated individuals.[1] We affirm.

Defendant was charged with driving under the influence of intoxicants in 2018. Defendant had two previous convictions for the same offense, both in 2012. Accordingly, the state charged defendant under ORS 813.011, which makes driving under the influence of intoxicants a Class C felony if a person had been convicted of driving under the influence (as defined in ORS 813.010) "at least two times in the 10 years prior to the date of the current offense[.]"[2] The statute imposes a "mandatory minimum term" of 90 days incarceration. ORS 813.011(3).

Defendant filed a motion to dismiss the indictment. In doing so, he pointed to ORS 813.010(5)(a), which makes DUII a felony if the current offense was committed in a motor vehicle and the defendant has been convicted of the same offense "at least *three* times" in the prior 10 years. (Emphasis added.) Under that statute, defendant could not have been charged with a Class C felony because he had two—not three—previous DUII convictions. He argued that ORS 813.010 and ORS 813.011 are unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution[3] and Article I, section 20 of the Oregon Constitution,[4] both because they fail

---

[1] We reject defendant's sufficiency of the evidence claim of error without discussion.

[2] ORS 813.011 was enacted through the ballot initiative process in 2010; the intent of the initiative was to impose a mandatory-minimum sentence for individuals who had been convicted of at least two prior driving under the influence offenses in the previous 10 years. Official 2010 General Election Voters' Pamphlet at 46, 47.

[3] That amendment provides, in relevant part: "No State shall *** deprive any person of life, liberty, or property, without due process of law."

[4] Article I, section 20, of the Oregon Constitution provides: "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

to give fair warning as to whether a defendant's third DUII conviction is a misdemeanor or a felony and because the statutes give the prosecution "unfettered" charging power.

The trial court denied defendant's motion to dismiss, concluding that the statutes clearly identified the proscribed conduct: driving under the influence of intoxicants. It also ruled that the prosecution's charging decisions were constrained by the elements of the statutes; the state, for instance, could not charge defendant under ORS 813.010 because he did not have three prior DUII convictions. The court then convicted defendant of driving under the influence and imposed ORS 813.011(3)'s mandatory minimum sentence.

Defendant filed a motion for the trial court to reconsider its verdict. At the hearing on that motion, defendant reiterated his vagueness arguments. He also asserted that he "is being treated differently than some other joe blow who, for whatever reason the [prosecutor] decides to charge it as a misdemeanor because they have that option." In defendant's view, the prosecutor's office had "no standards or protocol they can rely on for making a charging decision. They just pick one. And how do they do that, that's a privileges and immunities issue." The trial court denied defendant's motion to reconsider.

On appeal from the judgment of conviction, defendant reprises his arguments that ORS 813.010 and ORS 813.011 are unconstitutionally vague and violate Article I, section 20, of the Oregon Constitution and the Due Process Clause. He also argues that he was, in fact, treated differently from other similarly situated individuals. We review for legal error. *See State v. Illig-Renn*, 341 Or 228, 238-40, 142 P3d 62 (2006) (applying that standard). We agree with the trial court that the statutes are neither unconstitutionally vague under Article I, section 20, nor under the Due Process Clause. We also conclude that defendant failed to preserve his claim that he was treated differently than others similarly situated, in violation of Article I, section 20.

A criminal statute is unconstitutionally vague under Article I, section 20, if it "give[s] unbridled discretion to judges and jurors to decide what is prohibited in a given

case." *Illig-Renn*, 341 Or at 239 (quoting *State v. Graves*, 299 Or 189, 195, 700 P2d 244 (1985)). For due process purposes, a statute is vague if it "either contains no identifiable standard or employs a standard that relies on the shifting and subjective judgments of the persons who are charged with enforcing it" or if it "fails to provide fair warning" of the conduct that it prohibits. *Illig-Renn*, 341 Or at 240-41 (citation omitted).

We conclude that the statutes are not vague, both because they clearly identify the prohibited conduct and because they limit discretion to decide what conduct is prohibited. As an initial matter, the statutes provide "fair warning of the conduct that is prohibited." *State v. Krueger*, 208 Or App 166, 171, 144 P3d 1007 (2006). Under both statutes, the prohibited conduct is driving under the influence of intoxicants. The statutes likewise do not delegate "unbridled discretion" about what and whom to punish: The statutes clearly delineate the acts that a defendant must commit to be prosecuted and, as relevant here, the number of times that a person must commit them before they can be charged with a felony.

Indeed, defendant acknowledges as much, agreeing that both statutes "provide that a person commits the offense of DUII if the person drives under the influence of intoxicants[.]" But he nonetheless asserts that "the statutes do not provide certainty about whether said conduct rises to the level of a misdemeanor or a felony after three or four DUII convictions." (Emphasis omitted.) But the vagueness inquiry focuses on the discretion to decide "what *conduct* is prohibited" by the statute. *State v. Farris*, 312 Or App 618, 621, 492 P3d 744 (2021) (citing *Illig-Renn*, 341 Or at 239 (emphasis added)); *see also Graves*, 299 Or at 195 ("The terms of a criminal statute must be sufficiently explicit to inform those who are subject to it of what conduct on their part will render them liable to its penalties."). A statute is not vague simply because the state can choose to prosecute a person under different statutes with different penalties. *United States v. Batchelder*, 442 US 114, 123-26, 99 S Ct 2198, 60 L Ed 2d 755 (1979) (rejecting vagueness challenge where the defendant's conduct violated two statutes with different penalties).

Defendant's central complaint on appeal appears to be less one of vagueness and more one of what he perceives to be "unequal treatment" by the prosecution in exercising its discretion to charge him with a felony, rather than a misdemeanor, in violation of Article I, section 20. Defendant invokes *State v. Savastano*, 354 Or 64, 96, 309 P3d 1083 (2013), which made clear that a person can bring an individual claim that the state, in its exercise of prosecutorial discretion, "in fact denied defendant individually *** an equal privilege *** with other citizens of the state similarly situated" in violation of the privileges and immunities clause.

We begin by addressing the state's argument that defendant did not preserve that issue. Although the concept of "discretion" is relevant both to whether a law is vague under Article I, section 20, and to whether the exercise of prosecutorial discretion comported with Article I, section 20, the analytical frameworks are distinct. As described above, a statute is vague if it "delegates uncontrolled discretion" as to what conduct the law proscribes. *Illig-Renn*, 341 Or at 239. In contrast, a person bringing an individually based privileges and immunities claim under Article I, section 20, must show that the prosecution, in the exercise of their discretion, *in fact* treated a defendant differently than a similarly situated person. *Savastano*, 354 Or at 96. A prosecutor's decision complies with Article I, section 20, "as long as no discriminatory practice or illegitimate motive is shown and the use of discretion has a defensible explanation" in the individual case. *Id.* at 83 (quoting *State v. Clark*, 291 Or 231, 246, 630 P2d 810 (1981)).

To demonstrate preservation, defendant relies on his argument below that the statutes allow unfettered discretion by judges and juries on whom and what to punish. But as just explained, that argument relates to his challenge to the statutes being vague, not to whether the prosecution in this case violated Article I, section 20, by treating him differently than others similarly situated.

To be sure, at the hearing on defendant's motion for reconsideration, defendant argued that he was being treated differently from other similarly situated individuals. Even assuming that defendant could have preserved his

differential-treatment challenge at that stage,[5] the chal-
lenge would fail on its merits. The statutes, and the discre-
tion that they confer upon prosecutors, no doubt give rise
to the possibility that similarly situated defendants will be
treated differently in a way that violates Article I, section 20.
But, as a consequence of the Supreme Court's decision in
*Savastano* to overrule *State v. Freeland*, 295 Or 367, 667 P2d
509 (1983), it was defendant's burden to show that he in fact
was the subject of differential treatment. He did not do that.
He offered no evidence that he was "in fact denied" equal
treatment to those who are similarly situated. *Savastano*,
354 Or at 96. That is, he did not show that other people
in similar circumstances were charged with misdemeanors
rather than felonies. *Id.* at 95-96 ("Article I, section 20, does
not require consistent adherence to a set of standards or a
coherent, systematic policy"; rather, a defendant bears "the
burden of demonstrating a *prima facie* violation of Article I,
section 20, by showing that he *** was treated differently
than a similarly situated person").

Affirmed.

---

[5] *But see Hinman v. Silver Star Group, LLC*, 280 Or App 34, 38 n 2, 380 P3d
994 (2016) ("Generally, a party cannot preserve an issue for appellate review by
raising it for the first time in a reconsideration motion.").